IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 1:13-CV-897 |
| BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

MEMORANDUM TO COUNSEL
REGARDING MARCH 6, 2014 HEARING ON PENDING MOTIONS

The Court has conducted a preliminary review of all the pending motions and the briefs.

It appears to the Court that the following issues are presented by the pending motions:

**ISSUE ONE**: Are the Arbitration Clauses binding in the circumstances of this case? If so, is dismissal required or should arbitration be compelled and the case stayed?

    Movants:  Generations
           BMO Harris
           Bay Cities

**ISSUE TWO**: Does the Loan Agreement require dismissal because of the Forum Selection Clause and/or the Choice of Law Clause?

    Movant:  Generations

**ISSUE THREE**: Does the Loan Agreement require dismissal because of the Waiver-of-Class-Action-Rights Clause?

    Movants:  Generations
           Bay Cities

| | | |
|---|---|---|
| **ISSUE FOUR**: | Should the claims against BMO Harris be severed? | |
| | Movant: | BMO Harris |
| **ISSUE FIVE**: | Should the case against BMO be transferred to the Eastern District of New York? | |
| | Movant: | BMO Harris |
| **ISSUE SIX**: | Should the case be dismissed because plaintiff failed to join an indispensable party as required by Rule 19? | |
| | Movants: | All Defendants |
| | | (Generations' Request pending per Doc. 89) |
| **ISSUE SEVEN**: | Does the complaint state a claim under RICO? | |
| | Movants: | All Defendants |
| | | (Generations' Request pending per Doc. 89) |
| **ISSUE EIGHT**: | Does the complaint state claims under state law? | |
| | Movants: | All Defendants |
| | | (Generations' Request pending per Doc. 89) |
| **ISSUE NINE:** | Should Generations be allowed to join the Motions to Dismiss re: Rule 19, RICO, and state law claims? | |
| | Movant: | Generations  (Briefing not complete) |

The Court asks that the parties review this list and consult with each other. If the Court has missed any issues or movants or if this list is otherwise inaccurate or incomplete, it would be helpful to the Court if the parties would so advise the Case Manager by 4:00 p.m. March 4, 2014, preferably in a short joint email explaining the omission or error.

The Court expects to hear argument on all the issues, except possibly Issue Nine; if the plaintiff objects to that motion, (Doc. 89), the Court will not hear this issue unless plaintiffs are agreeable to hearing it without the additional briefing authorized by local rule. Subject to

revision after further consideration of the briefs, the Court presently intends to follow this schedule:

| | |
|---|---|
| 10:00 – 11:00 a.m. | Arbitration Issue (Issue 1 above) |
| 11:00 – 11:10 | Issues Related to Forum Selection Clause, the Choice of Law Clause, and the Waiver-of-Class-Action-Rights Clause (Issues 2 and 3) |
| 11:10 – 11:20 | Issues Related to Severance and Requested Transfer to E.D.N.Y. (Issues 4 and 5) |
| 11:20 – 11:30 | Early recess, or extension of argument should the court have additional questions, or possibly Issue Nine (Doc. 89) |
| 11:30 – 11:45 | Recess |
| 11:45 – 12:15 | Joinder Issue (Issue 6) |
| 12:15 – 12:35 | RICO Claim (Issue 7) |
| 12:35 – 1:00 | State Law Claims (Issue 8) |
| 1:00 | Adjourn |

As to each issue identified above, the Court will hear from one lawyer per defendant and one lawyer for the plaintiff. In other words, while different lawyers may speak for a party on different issues, the Court will not allow more than one lawyer per party on any one issue.

The defendants will together receive about half the argument time on each issue, and the plaintiffs will receive the other half.

As to those issues where more than one defendant has filed a motion, the Court would prefer that the defendants confer and, for each issue, designate one attorney to serve as lead advocate on that issue during oral argument at the March 6 hearing, or, in the alternative, otherwise agree on how the defense half of the argument time will be shared. If the defendants

are unable to so agree, the Court will call on defense counsel in the order of its own choosing and will evenly divide the defense half of the argument time between the moving defendants.

Before the hearing begins, it would be helpful to the Court if the plaintiffs and each defendant would let the Case Manager know the name of the attorney who will argue each issue and the details of any agreement the defendants have reached concerning a lead advocate or the sharing of their argument time.

This the 28th day of February, 2014.

_____
UNITED STATES DISTRICT JUDGE