IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:13-CV-897 |
| BMO HARRIS BANK, N.A., et al., | ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on motions filed by three defendants seeking to either compel arbitration or to dismiss because of a failure to arbitrate. (Docs. 14, 35, 40.) Because the defendants have not met their burden to establish the existence of an agreement to arbitrate, the motions will be denied.

The plaintiff, James Dillon, alleges that he took borrowed money at allegedly usurious rates from several online lenders in different loan transactions. (Doc. 1 at ¶¶ 81-103.) One transaction was with Great Plains Lending, one was with USFastCash, one was with Vin Capital LLC, one was with White Hills Cash, and one was with Western Sky Financial. (*Id.*) To electronically deposit the loan proceeds and then to debit Mr. Dillon's bank account for repayments, the lenders needed access to the Automated Clearing House ("ACH") Network. (*Id.* at ¶ 6.) The defendant banks here allegedly provided that access by "originating" debits and

credits on the ACH Network for the lenders.[1] The complaint alleges that each defendant, in providing this access, violated the Racketeer Influenced and Corrupt Organization Act ("RICO"). Mr. Dillon also asserts various claims pursuant to North Carolina law. The lenders are not parties to this lawsuit.

Defendants BMO Harris Bank, Bay Cities Bank, and Generations Community Federal Credit Union seek to enforce arbitration clauses which they contend are present in the relevant loan agreements between Mr. Dillon and the lenders.[2] Each of these defendants has attached documents to their briefs which they contend are the loan agreements Mr. Dillon referenced in his complaint; these documents contain arbitration clauses. (Docs. 14-1, 36-1, 41-1, 41-2.) Mr. Dillon disputes the authenticity of the documents and objects to their consideration. No party has submitted any affidavit or other evidence.

Pursuant to the Federal Arbitration Act (FAA), federal courts may compel arbitration in cases where a party has failed to abide by a valid arbitration clause. 9 U.S.C. § 4. Generally, "arbitration is a matter of contract interpretation and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Am. Bankers Ins. Grp. v. Long*, 453 F.3d 623, 626-27 (4th Cir. 2006) (internal brackets omitted). The existence of a valid and enforceable agreement to arbitrate is governed by the contract formation and interpretation

---

[1] Generations is alleged to have originated transactions in connection with the loan from Western Sky Financial. (Doc. 1 at ¶¶ 100-02.) Bay Cities is alleged to have originated transactions in connection with the loans from USFastCash and Vin Capital. (*Id.* at ¶¶ 86-87, 90-91.) BMO Harris is alleged to have originated transactions in connection with the loan from Great Plains Lending. (Doc. 1 at ¶¶ 82-83.)

[2] The defendants contend they are entitled to enforce the arbitration clauses in the loan agreements against Mr. Dillon under various theories, including estoppel, third-party beneficiary, and agency. *See Arthur Anderson*, 556 U.S. at 631. While the proffered written loan agreements are not identical, the substantive differences are irrelevant to the determination of whether Mr. Dillon was a party to the agreement.

principles of the forum state. *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009); *see also Cara's Notions v. Hallmark Cards, Inc.*, 140 F.3d 566, 569 (4th Cir. 1998).

The party seeking to compel arbitration must show that there is an agreement to arbitrate. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002); *see also Hightower v. GMRI, Inc.*, 272 F.3d 239, 242 (4th Cir. 2001); *Erichsen v. RBC Capital Mkts., LLC*, 883 F. Supp. 2d 562, 568 (E.D.N.C. 2012).[3] The standard for deciding a motion to compel arbitration brought under the FAA is a standard similar to a motion for summary judgment. *See Minter v. Freeway Food, Inc.*, 2004 WL 735047, at *2 (M.D.N.C. Apr. 2, 2004) (citing case law from the Second, Third, Seventh, and District of Columbia circuits); *see also Erichsen*, 883 F. Supp. 2d at 566-67; *Rose v. New Day Fin. LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011). Accordingly, the party seeking to compel arbitration bears the initial burden of demonstrating the absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must affirmatively demonstrate with specific evidence that there is a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Drews Distrib., Inc. v. Silicon Gaming, Inc.*, 245 F.3d 347, 352 n.3 (4th Cir. 2001); *Erichsen*, 883 F. Supp. 2d at 566-67.

No moving defendant has presented any evidence to support the contention that the documents presented are in fact the loan agreements referenced in the complaint. Statements in briefs are not evidence and are obviously insufficient to establish the authenticity of a contract. *See INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984), *superseded by statute on other grounds*,

---

[3] This is also the movant's burden under North Carolina law: "[T]he party seeking arbitration must show that the parties mutually agreed to arbitrate their disputes." *Routh v. Snap-On Tools Corp.*, 108 N.C. App. 268, 271-72, 423 S.E.2d 791, 794 (1992); *accord Thompson v. Norfolk S. Ry. Co.*, 140 N.C. App. 115, 120, 535 S.E.2d 397, 400 (2000).

8 U.S.C. § 1254(b)(3) (declining to consider "[c]ounsel's unsupported assertions in respondent's brief" as evidence); *Kulhawik v. Holder*, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence."); *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1358 (4th Cir. 1995) (holding jury was properly instructed that counsel's statements are not evidence); *Estrella v. Brandt*, 682 F.2d 814, 819 (9th Cir. 1982) (holding legal memoranda and oral argument are not evidence); *Skyline Corp. v. NLRB*, 613 F.2d 1328, 1337 (5th Cir. 1980) ("Statements by counsel in briefs are not evidence."); *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013).

Beyond these statements in the briefs, the record is silent. No witness affirms that the documents were found in the business records of the lender or otherwise establishes the authenticity of the documents. The documents are not physically signed by Mr. Dillon, nor is there any sworn testimony that the documents were presented to Mr. Dillon as part of the underlying loan transaction or that Mr. Dillon electronically signed the agreements. No defendant is a party to the loan agreement referenced in the complaint, and no defendant has offered any affidavit or other evidence as to how it came into possession of the purported agreement. Mr. Dillon has not admitted that the proffered documents are in fact the loan agreements at issue. In these circumstances, the defendants have not met their burden of proof to show that there was an agreement to arbitrate.

The defendants contend that the Court can consider the proffered documents because they are referenced in the complaint. If this were a Rule 12(b)(6) motion and the documents were of unquestioned authenticity, that would be so. *E.g.*, *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004); *Gasner v. Cnty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D.

4

Va. 1995). Since the documents are not of unquestioned authenticity, however, that rule does not apply.

The defendants next contend that the FAA manifests "a liberal federal policy favoring arbitration agreements," which entitles them to arbitrate this dispute. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983), *superseded by statute on other grounds*, 9 U.S.C. § 16(b)(1). That preference, however, applies only after it has been determined that the parties in fact have an agreement to arbitrate, and it does not help a party meet its burden of proof in establishing the existence of that agreement. *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, ___, 130 S. Ct. 2847, 2859-60 (2010).

Finally, at oral argument movants relied upon *Drews Distributing*, 245 F.3d at 352 n.3, for the proposition that the burden is on the non-moving party to offer evidence disputing authenticity. In *Drews*, the court quoted two Second Circuit cases to hold that a party seeking a jury trial on whether an agreement to arbitrate has been made must "unequivocally deny" that such an agreement has been made. However, it is clear that the movant in *Drews* actually filed an affidavit concerning the agreement. *Id*. Thus, the court was discussing the burden on the non-movant *after* the moving party had met its burden with evidence. The Second Circuit cases cited by *Drews* either are distinguishable[4] or similarly made it clear that the moving party had submitted evidence in support of the agreement to arbitrate.[5] Moreover, the quoted language -

---

[4] In *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975 (2d Cir. 1996), the parties objecting to arbitration admitted signing the franchise agreements but contended they were induced by fraud. *Id*. at 979. Thus, the issue was not whether there was a dispute over the existence of an agreement to arbitrate but rather whether the non-moving party was entitled to a jury trial on fraud and waiver defenses. *See id.* at 983-84.

[5] In *Interbras Cayman Co. v. Orient Victory Shipping Co., S.A.*, 663 F.2d 4 (2d Cir. 1981), the moving party submitted "several affidavits and a single telex." *Id.* at 6.

5

that the party objecting to arbitration must make an "unequivocal denial" - was originally found in *Almacenes Fernandez, S.A. v. Golodetz*, 148 F.2d 625 (2d Cir. 1945), in which the moving parties:

> supported their application for a stay [pending arbitration] by showing at least prima facie that all the sales contracts contained the agreement to arbitrate as alleged in their answer; that all three of those contracts had been sent to the plaintiff in Mexico; that two of them had been accepted in writing by the plaintiff and returned to the appellees in New York; and further upon information and belief that the third had also been so accepted and returned but had been misfiled and could not be produced.

*Id*. at 628. That is obviously a far cry from attaching an unauthenticated document to a brief. Neither *Drews* nor the cases it cites hold that the moving party does not have to present evidence of an agreement to arbitrate.

Even if the moving party is not required to present evidence authenticating a purported agreement to arbitrate in the ordinary case where the purported agreement is physically signed by the moving party and the plaintiff, such a result is not appropriate here. The purported agreement was physically signed by no one and the movants are not even parties to it. After Mr. Dillon clearly objected to the authenticity of the documents, the movants did not provide any evidence about the source of the purported agreements or seek discovery on the question, much less provide evidence that the purported document was in fact agreed to by Mr. Dillon as a part of obtaining his loan. Under these circumstances, the movants have failed to show the existence of an agreement to arbitrate.

Generations also contends that the Court should dismiss this case pursuant to Rules 12(b)(3) and 12(b)(6) because the purported loan agreement with Western Sky Bank vests exclusive jurisdiction in another court and contains a choice of law provision that requires dismissal. Also pursuant to Rule 12(b)(6), Generations contends that the class action waiver in

the proffered loan agreement requires dismissal of the plaintiff's class action claims. Bay Cities makes a similar class action waiver argument in its motion to compel arbitration. Because the loan agreements on which Generations and Bay Cities rely are not of undisputed authenticity, these motions should be denied.

It is **ORDERED** that:

1. The motion to dismiss filed by Generations, (Doc. 14), is **DENIED**.

2. The motion to compel arbitration filed by BMO Harris, (Doc. 35), is **DENIED**.

3. The motion to compel arbitration filed by Bay Cities, (Doc. 40), is **DENIED**.

This the 10th day of March, 2014.

_____
UNITED STATES DISTRICT JUDGE