UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897

| | |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank, <br><br> Defendants. | **GENERATIONS COMMUNITY FEDERAL CREDIT UNION'S REPLY IN SUPPORT OF ITS RENEWED MOTION TO DISMISS** |

Defendant Generations Federal Credit Union ("Generations") files this Reply in Support of Its Renewed Motion to Dismiss.

As set forth in the Renewed Motion to Dismiss, in denying Generations' Motion to Dismiss, the Court identified additional information it believed was necessary before the Motion to Dismiss could be granted. Generations then obtained that evidence—an affidavit authenticating the Loan Agreement between Western Sky Financial and Plaintiff—and has renewed its motion to dismiss.

In opposition, Plaintiff argues that the "issues raised in [the] 'renewed' motion have already been fully and finally decided" and that the order should not be

reconsidered. Docket No. 112 at 2.[1]  Plaintiff is mistaken.  All that was decided in the Court's Memorandum and Order was that the Loan Agreement had not been authenticated and that because the Loan Agreement had not been authenticated, Generations had not "met [its] burden to establish the existence of an agreement to arbitrate."  Docket No. 100 at 1.  Generations is not asking the Court to revisit that decision and therefore, the law of the case doctrine does not apply.  The Court has not previously decided whether it believes the authenticating declaration to be sufficient to address the Court's concerns and the Court has not previously decided the merits of Generations' Motion to Dismiss.

Plaintiff is also incorrect in his assertion that Generations has failed to meet the standards for seeking reconsideration.  Refusing to enforce a valid arbitration clause simply because there had been a question as to authenticity of the arbitration agreement that has now been resolved would work a manifest injustice on Generations. *See, e.g., Gonzalez v. Citigroup, Inc.,* 2011 U.S. Dist. LEXIS 135421 (E.D. Cal. Nov. 22, 2011)  (holding that in light of newly-filed evidence "now showing that plaintiff Gonzalez's claims are subject to an arbitration agreement, the court now reconsiders its prior order in order to prevent manifest injustice").  Plaintiff concedes that avoiding manifest injustice is a recognized basis for granting a motion to reconsider.

---

[1] Docket No. 112 is Plaintiff's response to BMO Harris Bank N.A.'s Renewed Motion to Compel Arbitration, which Plaintiff has adopted and incorporated by reference in response to Generations's Renewed Motion. Docket No. 113.

Finally, as more fully set forth in Defendant BMO Harris Bank, N.A.'s Reply Brief in Support of Its Renewed Motion to Compel Arbitration and to Stay Litigation ("BMO Harris's Reply"), the standards for seeking reconsideration are not applicable in this context. Docket No. 114. "Numerous courts have recognized [that] it is entirely appropriate to file a renewed motion to compel arbitration once an earlier dispute as to the existence of the arbitration agreement has been resolved." Docket No. 114 at 2. To avoid repetitive briefing, Generations adopts and incorporates by reference the arguments made in BMO Harris's Reply on this point as well as the arguments in BMO Harris's Reply regarding the inapplicability of the law of the case doctrine and Generations' having meet the standards for reconsideration.

For the forgoing reasons, as well as the reasons set forth in Generations' Motion to Dismiss and the Renewed Motion, the Court should reconsider its Order and Memorandum denying Generations' Motion to Dismiss and Plaintiffs' claims should be dismissed.

Respectfully Submitted,

/s/ Jonathan R. Reich
Reid C. Adams, Jr., NCSB #9669
Garth A. Gersten, NCSB #25090
Jonathan R. Reich, NCSB #41546
WOMBLE CARLYLE
SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-Mail: cadams@wcsr.com
E-Mail: ggarth@wcsr.com

**PULMAN, CAPPUCCIO
PULLEN, BENSON & JONES, LLP**
Eric A. Pullen
Texas State Bar No. 24007881
epullen@pulmanlaw.com
Leslie Sara Hyman
Texas State Bar No. 00798274
lhyman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR DEFENDANT
GENERATION FEDERAL CREDIT UNION**

4

# **CERTIFICATE OF SERVICE**

I certify that on the 23rd day of May, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participants:

F. Hill Allen
Tharrington Smith, LLP
P.O. Box 1151
Raleigh, NC 27602-1151
hallen@tharringtonsmith.com

Hassan A. Zavareei
Jeffrey D. Kaliel
Tycko & Zavareei LLP
2000 L Street, N.W., Suite 808
Washington, DC 20036
hzavareei@tzlegal.com
jkaliel@tzlegal.com

Mary Kathryn Mandeville
Alexander Ricks PLLC
2901 Coltsgate Road, Suite 202
Charlotte, NC 28211
mary@alexanderricks.com

Jeffrey M. Ostrow
Kopelowitz Ostrow P.A.
200 S.W. 1st Avenue, Suite 1200
Fort Lauderdale, FL 33301
ostrow@KOlawyers.com

Norman E. Siegel
Steve Six
J. Austin Moore
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Carl N. Patterson, Jr.
Clifton Lennis Brinson
Isaac Augustin Linnartz
Smith, Anderson, Blount, Dorsett,
  Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
cpatterson@smithlaw.com
cbrinson@smithlaw.com
ilinnartz@smithlaw.com

5

Case 1:13-cv-00897-CCE-LPA   Document 121   Filed 05/23/14   Page 5 of 6

| | |
|---|---|
| Lucia Nale<br>Debra Bogo-Ernst<br>Matthew C. Sostrin<br>Mayer Brown, LLP<br>71 S. Wacker Dr.<br>Chicago, IL 60606<br>dernst@mayerbrown.com<br>lnale@mayerbrown.com<br>msostrin@mayerbrown.com | Kevin S. Ranlett<br>Mayer Brown, LLP<br>1999 K. Street, N.W.<br>Washington, D.C. 20006-1101<br>kranlett@mayerbrown.com |
| Mark Vasco<br>Bryan Cave, LLP<br>One Wells Fargo Center<br>302 S. College Street, Suite 3400<br>Charlotte, NC 28202<br>mark.vasco@bryancave.com | Eric Rieder<br>Bryan Cave, LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>erieder@bryancave.com |
| Michael P. Carey<br>Ann W. Ferebee<br>Bryan Cave, LLP<br>1201 W. Peachtree St., N.W.<br>Suite 1400A<br>Atlanta, GA 30309<br>michael.carey@bryancave.com<br>Ann.Ferebee@bryancave.com | |

/s/ Jonathan R. Reich
Jonathan R. Reich
N.C. State Bar #41546
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600