UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897

| | |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated, | : : : |
| Plaintiffs, | : : |
| v. | : : |
| BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank | : : : : : : |
| Defendants. | : : |

**PLAINTIFF'S SUR-REPLY
IN OPPOSITION TO RENEWED MOTION TO
COMPEL ARBITRATION AND TO STAY LITIGATION**

On April 8, 2014, BMO Harris filed a Renewed Motion to Compel Arbitration And To Stay Litigation (the "Renewed Motion") (Doc. 102). BMO Harris premised its Renewed Motion on allegedly being "able for the first time to obtain a declaration authenticating Dillon's loan agreements from the records of his lender, Great Plains [Lending, LLC ("Great Plains")]." (Doc. 102, p. 2). As Plaintiff pointed out in his Response to the Renewed Motion (Doc. 112, p. 5 n.3), "BMO [made] this statement within its brief and not by declaration under penalty of perjury. As this Court recognized in its initial decision: 'Statements in briefs are not evidence . . .'" (citing Doc. 100, p.3).

1

Having failed to provide a declaration with its opening Renewed Motion papers as to BMO Harris's purported prior inability to obtain authentication of Plaintiff's loan agreements from Great Plains, BMO Harris attempted to cure this shortcoming *on Reply*, by filing a "Declaration of Matthew C. Sostrin in Support of Defendant BMO Harris Bank, N.A.'s Renewed Motion to Compel Arbitration and to Stay Litigation" (the "Sostrin Declaration") (Doc. 115). ***BMO Harris's belated attempt to create an evidentiary record on Reply through the use of a declaration by a previously undisclosed witness necessitates this sur-reply.***

BMO Harris's failure to provide the Sostrin Declaration in its initial Renewed Motion is in violation of Local Rule 7.3(e) ("When allegations of facts not appearing of record are relied upon to support a motion, affidavits, parts of depositions, and other pertinent documents then available shall accompany the motion."). Plaintiff's having pointed out that the factual basis for BMO Harris's Renewed Motion lacked a proper evidentiary foundation is not a matter "newly raised in the Response" and therefore is not a proper ground for reply. *See* L.R. 7.3(h) ("A reply brief is limited to discussion of matters newly raised in the response."). *See*, *also*, *Jarvis v. Stewart*, 1:04CV00642, 2005 WL 3088589, *1 (M.D.N.C. Nov. 17, 2005) (same).

Furthermore, the Sostrin Declaration only confirms that as early as November 19, 2013, (*i.e.*, more than three weeks before BMO Harris's original Motions were due) BMO Harris was aware that it would not be able to obtain a declaration authenticating Dillon's purported loan agreements. (Doc. 115, ¶ 5) BMO Harris failed however, to

move for an extension of time for filing its supporting declaration authenticating Dillon's purported loan agreements and instead knowingly assumed the risk of filing its initial Motion to Compel Arbitration on December 16, 2013, without any evidentiary foundation. (Doc. 35) Thus, the Sostrin Declaration conclusively demonstrates that BMO Harris's supposed new evidence on its Renewed Motion could have been obtained through the exercise of due diligence and on that basis, the Renewed Motion must be by denied in the context of reconsideration of interlocutory orders under Federal Rule of Civil Procedure 54(b). *See Volumetrics Med. Imaging, LLC v. Toshiba Am. Med. Sys. Inc.*, No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011). On this basis alone, this Court should deny BMO Harris's Renewed Motion.

Lastly, to the extent that this Court is prepared to reconsider its prior Order denying BMO Harris's Motion to Compel Arbitration, the Sostrin Declaration's detailing of Great Plain's refusal to provide a supporting declaration authenticating the agreement to arbitrate is evidence which flatly contradicts any argument Great Plains intended BMO Harris to be a third-party beneficiary of the agreement to arbitrate as contended in BMO Harris's initial motion to compel. *See, e.g.*, *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 329 N.C. 646, 651, 407 S.E.2d 178, 181 (1991) ("the determining factor as to the rights of a third-party beneficiary is the intention of the parties who actually made the contract.") In determining the intent of the contracting parties, the court "should consider [the] circumstances surrounding the transaction . . . ." *Revels v. Miss Am. Org.*, 182 N.C. App. 334, 336, 641 S.E.2d 721, 723 (2007).

3

As previously held by this Court:

> A person is a direct beneficiary of the contract if the contracting parties intended to confer a legally enforceable benefit on that person. It is not enough that the contract, in fact, benefits the [third-party], if, when the contract was made, the contracting parties did not intend it to benefit the [third-party] directly.

*Pearson v. Gardere Wynne Sewell LLP*, 814 F. Supp. 2d 592, 601 (M.D.N.C. 2011). It is inconceivable that the agreement to arbitrate was "intended to confer a legally enforceable benefit" on BMO Harris when the circumstances show that one of the contracting parties refused to provide BMO Harris with the means to enforce the agreement in this proceeding.

Based on the foregoing, Plaintiff respectfully requests that the Court deny BMO Harris's Renewed Motion in its entirety.

Dated: May 27, 2014.

    Respectfully submitted,

    /s/ F. Hill Allen
    F. Hill Allen
    North Carolina State Bar No. 18884
    E-mail: hallen@tharringtonsmith.com
    THARRINGTON SMITH, L.L.P.
    P.O. Box 1151
    Raleigh, NC 27602-1151
    Telephone: 919-821-4711
    Facsimile: 919-829-1583

**Appearing by Special Appearance
 pursuant to LR 83.1(d), MDNC:**

STUEVE SIEGEL HANSON LLP
Norman E. Siegel By Special Appearance
Steve Six By Special Appearance
J. Austin Moore By Special Appearance
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

CHITWOOD HARLEY HARNES LLP
Darren T. Kaplan By Special Appearance
1350 Broadway, Suite 908
New York, NY 10018
Tel: (917) 595-3600
Fax: (404) 876-4476
dkaplan@chitwoodlaw.com

TYCKO & ZAVAREEI LLP
Hassan A. Zavareei By Special Appearance
Jeffrey D. Kaliel By Special Appearance
2000 L Street, N.W., Suite 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com

KOPELOWITZ OSTROW P.A.
Jeffrey M. Ostrow  By Special Appearance
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100
Fax: (954) 525-4300
ostrow@KOlawyers.com
**Counsel for Plaintiff and the Class**

# CERTIFICATE OF SERVICE

      I hereby certify that I have this 27th day of May, 2014 filed the foregoing **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO RENEWED MOTION TO COMPEL ARBITRATION AND TO STAY LITIGATION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties through their counsel of record.

      /s/ F. Hill Allen
      F. Hill Allen
      NC State Bar No. 18884
      THARRINGTON SMITH, LLP
      209 Fayetteville Street
      P.O. Box 1151
      Raleigh, North Carolina 27602
      Phone: (919) 821-4711
      Facsimile: (919) 829-1583
      Email: *hallen@tsmithlaw.com*

6

Case 1:13-cv-00897-CCE-LPA   Document 122   Filed 05/27/14   Page 6 of 6