UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897

JAMES DILLON, on Behalf of Himself
and All Others Similarly Situated,

                Plaintiff,

v.

BMO HARRIS BANK, N.A., FOUR
OAKS BANK & TRUST, a North
Carolina-Chartered Bank, GENERATIONS
FEDERAL CREDIT UNION, and BAY
CITIES BANK, a Florida State-Chartered
Bank,

                Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO BAY CITIES BANK'S RENEWED MOTION TO COMPEL ARBITRATION

On March 10, 2014, this Court entered a memorandum and order denying motions to compel arbitration by Defendants BMO Harris Bank ("BMO"), Bay Cities Bank ("Bay Cities"), and Generations Community Federal Credit Union ("Generations") finding that the defendants failed to meet "their burden to establish the existence of an agreement to arbitrate." (Doc. 100, p. 1). On June 10, 2014, a full 92 days after the Court entered its order denying arbitration, Bay Cities filed a "renewed" motion to compel arbitration, this time attaching two declarations. (*See* Doc. 123). The first is the declaration of Christopher Muir, a purported employee of AMG Services, Inc.—a company which has been pursued by regulators for years and was recently subpoenaed in a criminal probe—

in a belated attempt to authenticate the purported "MNE Services, Inc. d/b/a USFastCash" payday loan agreement. (Doc. 123-1, p. 2).[1] The second is the declaration of Richard Knowles, an employee not of payday lender "VIN Capital, LLC"—who purportedly made the loan agreement Bay Cities is attempting to authenticate—but instead of VIN Capital, LLC's Third-Party Sender "BillingTree Payment Solutions." (Doc. 123-2). Although this attempt at authentication is also belated, on its face the declaration fails to establish personal knowledge of the loan agreement at issue.

Notwithstanding Bay Cities' dubious attempts at authentication, like Generations and BMO before it, Bay Cities has, as a preliminary matter, failed to establish any of the three recognized grounds for which courts in this judicial District will reconsider an interlocutory order under Federal Rule of Civil Procedure 54(b). *See, e.g., Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005) (noting that the "narrow set of grounds" that courts will reconsider an interlocutory order are limited to situations

---

[1] The declaration of Christopher D. Muir is inherently suspect in light of the Order of United States Chief District Judge Gloria M. Navarro awarding summary judgment to the Federal Trade Commission against numerous defendants including, *inter alia*, AMG Services, Inc., and MNE Services, Inc. for violations of Section 5 of the Federal Trade Commission Act ("FTCA") for unfair and deceptive practices in or affecting commerce (15 U.S.C. § 45(a)) and violations of the Truth in Lending Act ("TILA") for "failing to disclose the terms of the legal obligation between the parties" (15 U.S.C. § 1601(a)) in the matter of *Federal Trade Commission v. AMG Services, Inc.*, Case No. 2:12-cv-00536-GMN-VCF (D. Nev. June 4, 2014) (attached hereto as Exhibit A). Given the factual and legal findings of the District of Nevada, this Court cannot simply accept a declaration of an employee of adjudicated violator AMG Services, Inc. as to the application and disclosure process relating to Plaintiff's loan with its fellow adjudicated violator MNE Services Inc. d/b/a USFastCash without a full evidentiary hearing. *See* Fed. R. Evid. 806 Advisory Committee Notes ("The declarant of a hearsay statement which is admitted in evidence is in effect a witness. His credibility should in fairness be subject to impeachment and support as though he had in fact testified.").

where "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice."). In fact, Bay Cities completely ignores the issue altogether and does not even attempt to explain or offer an excuse as to why it could not have authenticated its purported loan agreements in the first instance.[2]

Instead, Bay Cities raises substantive arguments regarding its motion to compel which are not currently before the Court. Rather than re-brief those issues here, Plaintiff incorporates and adopts herein his response to BMO and Generations' Notice of Supplemental Authority in Support of their Renewed Motions (*See* Docs. 124 and 125), as well as his arguments made in response to BMO and Generations' "renewed" motions, which apply equally here. (*See* Docs. 112, 113). Bay Cities' "renewed" motion to compel arbitration, filed 172 days after its original motion and 92 days after this Court ruled on that motion is a textbook example of why "allow[ing] motions to reconsider offhandedly or routinely would result in an unending motions practice." *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003). Because Bay Cities has not even attempted to meet its high burden under Rule 54(b), Plaintiff respectfully requests that the Court deny Bay Cities' "renewed" motion to compel arbitration.

---

[2] Bay Cities contends that "a renewed motion to compel arbitration does not offend Federal Rule of Civil Procedure 12 because motions to compel arbitration under the Federal Arbitration Act are not subject to Rule 12." (Doc. 123, p. 5). Nobody disputes that. The issue that Bay Cities ignores is whether such a motion is appropriate under Rule 54(b), which Bay Cities has offered no argument to support.

3

Dated: June 18, 2014

Respectfully submitted,

/s/ F. Hill Allen
F. Hill Allen
North Carolina State Bar No. 18884
E-mail: hallen@tharringtonsmith.com
**THARRINGTON SMITH, L.L.P.**
P.O. Box 1151
Raleigh, NC 27602-1151
Telephone: 919-821-4711
Facsimile: 919-829-1583

**STUEVE SIEGEL HANSON LLP**
Norman E. Siegel
Steve Six
J. Austin Moore
460 Nichols Road, Suite 200
Kansas City, MO 64112
Tel: (816) 714-7100
Fax: (816) 714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

**CHITWOOD HARLEY HARNES LLP**
Darren T. Kaplan
1350 Broadway, Suite 908
New York, NY 10018
Tel: (917) 595-3600
Fax: (404) 876-4476
dkaplan@chitwoodlaw.com

**KOPELOWITZ OSTROW P.A.**
Jeffrey M. Ostrow
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, Florida 33301
Tel: (954) 525-4100
Fax: (954) 525-4300
ostrow@KOlawyers.com

**TYCKO & ZAVAREEI LLP**
Hassan A. Zavareei
2000 L Street, N.W.
Suite 808
Washington, D.C. 20036
Tel: (202) 973-0900
Fax: (202) 973-0950
hzavareei@tzlegal.com

**Counsel for Plaintiff and the Class**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 18, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ F. Hill Allen
Counsel for Plaintiff and the Class