UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897

JAMES DILLON, on Behalf of Himself
and All Others Similarly Situated,

          Plaintiff,

v.

BMO HARRIS BANK, N.A., FOUR
OAKS BANK & TRUST, a North
Carolina-Chartered Bank, GENERATIONS
FEDERAL CREDIT UNION, and BAY
CITIES BANK, a Florida State-Chartered
Bank,

          Defendants.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS BMO HARRIS BANK, N.A., GENERATIONS FEDERAL CREDIT UNION, AND BAY CITIES BANKS' MOTION FOR A STAY PENDING APPEAL

### INTRODUCTION

On March 10, 2014, this Court entered a memorandum and order denying motions to compel arbitration by Defendants BMO Harris Bank ("BMO"), Bay Cities Bank ("Bay Cities"), and Generations Community Federal Credit Union ("Generations") (collectively "Defendants"), finding that the defendants failed to meet "their burden to establish the existence of an agreement to arbitrate." (Doc. 100, p. 1). On July 7, 2014, this Court denied "renewed" motions filed by Defendants finding that "defendants have not satisfied the Court that reconsideration is appropriate under Rule 54(b)." (*See* Doc. 128, p. 7). On the following day, the Court entered an order setting an initial pretrial conference hearing

for August 25, 2014. (Doc. 129).

On July 17, 2014, Defendants filed a notice of appeal "from this Court's July 7, 2014 Opinion and Order (Dkt. No. 128) denying defendants' renewed motions to enforce the arbitration clauses in plaintiff James Dillon's loan agreements (Dkt. Nos. 102, 106, 123)." (Doc. 130). On July 22, 2014, Defendants filed a motion to stay all further proceedings in this litigation, including discovery, pending resolution of Defendants' appeal. (*See* Docs. 133 and 134). Defendants contend that a stay is not only appropriate, but mandatory because the Federal Arbitration Act ("FAA") authorizes an immediate appeal of an order denying a motion to compel arbitration. *See* 9 U.S.C. § 16(a). While that may be the case in other instances, here Defendants missed their deadline for filing a notice of appeal under the FAA and instead attempt to appeal the denial of their "renewed" motions under Rule 54(b). There is no immediate right to appeal the denial of a motion for reconsideration under Rule 54(b). Accordingly, the cases relied upon by Defendants are inapposite and Defendants' repeated attempts to delay this litigation must be put to an end.

## ARGUMENT

**I.    No Mandatory Stay Is Warranted Because Defendants Missed Their Deadline for Appealing the Denial of Their Motions to Compel Arbitration under the FAA.**

The FAA provides that an appeal may be taken from an order denying an application to compel arbitration. *See* 9 U.S.C. § 16(a)(1)(C). Pursuant to the Federal Rules of Appellate Procedure, the notice for such an appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R.

App. P. 4(a)(1)(A).  In this case, the Court entered a memorandum and order denying Defendants' motions to compel arbitration on March 10, 2014.  Defendants did not appeal the Court's order within 30 days.  Instead, Defendants opted to file "renewed" motions to compel arbitration (*see* Docs. 102, 106, 123), which this Court properly construed as motions for reconsideration under Rule 54(b).  (*See* Doc. 128).  After the Court denied those motions, Defendants for the first time filed a notice of appeal on July 17, 2014.  (*See* Doc. 130).  This was 129 days after the Court entered its order denying Defendants' motions to compel arbitration.

Defendants rely on *Levin v. Alms & Assocs.*, 634 F.3d 260 (4th Cir. 2011) to argue that "an appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action." *Id*. at 266.  But, as established above, Defendants are not appealing the issue of arbitrability under the FAA, but rather the denial of their motions for reconsideration under Rule 54(b).  And it is well-established that an order denying a motion for reconsideration is neither a final order nor an appealable interlocutory or collateral order conferring jurisdiction on the appellate court.  *See, e.g., Goodman v. Johnson*, 471 Fed. Appx. 114 (4th Cir. 2012) (unpublished) ("district court's order denying Goodman's motion seeking reconsideration is neither a final order nor an appealable interlocutory or collateral order."); *Scinto v. Preston*, 234 Fed. Appx. 106 (4th Cir. 2007) (unpublished) (dismissing appeal of denial of motion for reconsideration for lack of jurisdiction because it did not constitute a final order or appealable interlocutory or collateral order); *Jihad v. Jackson*, 166 F.3d 333 (4th

Cir. 1998) (unpublished) (stating same).[1]

Likewise, no tolling doctrine can rescue the untimeliness of defendants' appeal. The Federal Rules of Appellate Procedure specifically enumerate several kinds of motions for which "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." Fed. R. App. P. 4(a)(4)(A). However, a motion for reconsideration under Fed. R. Civ. P. 54(b) is not included in this group. *See id.* (permitting tolling for judgment under Fed. R. Civ. P. 50(b); to amend or make additional factual findings under Fed. R. Civ. P. 52(b); for attorney's fees under Rule 54 if the district court extends the time to appeal under Fed. R. Civ. P. 58; to alter or amend the judgment under Fed. R. Civ. P. 59; for a new trial under Fed. R. Civ. P. 59; or for relief under Fed. R. Civ. P. 60 if the motion is filed no later than 28 days after the judgment is entered). In addition, the Fourth Circuit has recognized that motions for reconsideration under Fed. R. Civ. P. 54(b) *do not* qualify for such tolling because they are not final or appealable interlocutory orders. *See, e.g.*, *Goodman*, 471 Fed. Appx. at 115 (holding that a "motion seeking reconsideration, filed under Fed.R.Civ.P. 54(b), [does] not qualify to toll the thirty-day time limit.").

Defendants chose not to appeal the March 10, 2014 order that denied their motions to compel arbitration, and nothing in the Federal Rules or FAA offers defendants a "do-over" of this strategic choice. Thus, the appellate court lacks jurisdiction to even consider the order denying defendants' motions for reconsideration and *Levin* has no

---

[1] The unpublished decisions cited in this Response are attached hereto as exhibits pursuant to Local Rule 7.2(c).

application to this case.

## II. The Court Should Exercise Its Discretion to Deny Defendants' Motion to Stay.

Although this Court has discretion to issue a stay pending appeal, the factors for making such a determination weigh strongly in favor of denial of a stay. The standard of review on a motion to stay pending appeal is "similar to the standard for granting a preliminary injunction." *Scott v. Metropolitan Health Corp*., No. 5:12–CV–383–F, 2013 WL 6145541, at *1 (E.D.N.C. Nov. 21, 2013) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009); *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). The court must consider: (1) likelihood of success on the merits; (2) likelihood the moving party will suffer irreparable harm if a stay is not granted; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) whether the stay is in the public interest. *See id*.

In the context of a motion for a stay pending appeal, "the first two factors of the ... standard are the most critical." *Id.* (quoting *Nken*, 556 U.S. at 434; *Sofinet v. INS*, 188 F.3d 703, 707 (7th Cir. 1999)). The moving party must show "more than the mere possibility" of success on the merits under the first factor . . . and, under the second factor, more than a possibility of irreparable injury. *Id*. (citing *Nken*, 556 U.S. at 434; *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008)).

With respect to the first factor, Defendants have not shown any likelihood of prevailing on their appeal. As established above, the Defendants' likelihood of success on the merits of an appeal is miniscule because the appellate court does not have

5

jurisdiction to consider the denial of motions to reconsider under Rule 549(b).[2]  *See Goodman*, 471 Fed. Appx. 114 (a "district court's order denying [a party's] motion seeking reconsideration is neither a final order nor an appealable interlocutory or collateral order."). This factor weighs strongly in favor of Plaintiff.

Likewise, Defendants have not shown even a possibility of an "irreparable injury" if their motion for stay is denied. As recognized by this Court: "the defendants rely on arbitration agreements in contracts Mr. Dillon allegedly signed with third parties, the lenders. Nothing suggests that any defendant required arbitration agreements in such loan documents before it would act as an ODFI for the lender. Thus, whether there is a potential arbitration agreement is, as to the defendants, just a matter of chance and not a bargained-for right." (Doc. 128, p. 6). These parties never intended to arbitrate with one another and permitting the litigation to proceed in its normal course will not result in an "irreparable injury" to Defendants.

Finally, Defendants have not shown how the denial of a stay will substantially injure any other interested parties or how granting the stay is in the public interest. If anything the opposite is true: granting a stay will only further prejudice and delay Plaintiff from pursuing his claims. As previously recognized by this Court, Defendants' "renewed motions were filed one to three months after the Court's first order on the subject, each requiring responses and replies and, as to BMO Harris, a sur-reply necessitated by a violation of the Local Rules . . . . This delay and repetition is unfair to

---

[2] Concurrently with the filing of this pleading, Plaintiff is filing a motion to dismiss the complaint with the Fourth Circuit for lack of jurisdiction due to the untimeliness of the appeal.

the plaintiff and imposes unnecessary costs on the parties and the Court." (Doc. 128, p. 8). By now filing a frivolous appeal and motion to stay proceedings in this Court, Defendants continue to prejudice Plaintiff by further delaying proceedings and imposing unnecessary costs on the parties and the Court.

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' motion and instruct the parties to proceed with discovery.

Dated: August 6, 2014

Respectfully submitted,

/s/ F. Hill Allen
F. Hill Allen
North Carolina State Bar No. 18884
E-mail: hallen@tharringtonsmith.com
**THARRINGTON SMITH, L.L.P.**
P.O. Box 1151
Raleigh, NC 27602-1151
Telephone: 919-821-4711
Facsimile: 919-829-1583

| **STUEVE SIEGEL HANSON LLP** | **CHITWOOD HARLEY HARNES LLP** |
|---|---|
| Norman E. Siegel | Darren T. Kaplan |
| Steve Six | 1350 Broadway, Suite 908 |
| J. Austin Moore | New York, NY 10018 |
| 460 Nichols Road, Suite 200 | Tel: (917) 595-3600 |
| Kansas City, MO 64112 | Fax: (404) 876-4476 |
| Tel: (816) 714-7100 | dkaplan@chitwoodlaw.com |
| Fax: (816) 714-7101 | |
| siegel@stuevesiegel.com | |
| six@stuevesiegel.com | |
| moore@stuevesiegel.com | |
| | |
| **KOPELOWITZ OSTROW P.A.** | **TYCKO & ZAVAREEI LLP** |
| Jeffrey M. Ostrow | Hassan A. Zavareei |
| 200 S.W. 1st Avenue, 12th Floor | 2000 L Street, N.W. |
| Fort Lauderdale, Florida 33301 | Suite 808 |
| Tel: (954) 525-4100 | Washington, D.C. 20036 |

Fax: (954) 525-4300  
ostrow@KOlawyers.com

Tel: (202) 973-0900  
Fax: (202) 973-0950  
hzavareei@tzlegal.com

**Counsel for Plaintiff and the Class**

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ F. Hill Allen  
Counsel for Plaintiff and the Class