IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JAMES DILLON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-CV-897 |
| | ) | |
| BMO HARRIS BANK, N.A., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motions to stay pending appeal. Defendants BMO Harris, Generations, and Bay Cities appealed the Court's denial of their second attempt to compel arbitration and now seek a stay until their appeal is resolved. Defendant Four Oaks, which has not sought arbitration, seeks a stay pending appeal in the interest of judicial economy. In its discretion, the Court will stay the entire case until the appeal is dismissed or otherwise resolved.

"[A]n appeal on the issue of arbitrability automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." *Levin v. Alms & Assocs.*, 634 F.3d 260, 266 (4th Cir. 2011). Generally, however, appeals must be taken "within 30 days after entry of the . . . order appealed from." Fed. R. App. P. 4(a)(1)(A). The defendants here did not appeal the order denying their motions to compel arbitration, decided March 10, 2014. (Doc. 100.) Rather, they filed notice of appeal on July 17, 2014, ten days after

the Court denied what the defendants called "renewed" motions to compel arbitration, but which the Court treated as motions to reconsider. (*See* Docs. 128, 130.)

Mr. Dillon contends that the defendants missed their chance to obtain an automatic stay under the Federal Arbitration Act because they failed to appeal the first order denying the motions to compel arbitration. Rather, Mr. Dillon contends, the defendants are attempting to appeal the order denying their motions to reconsider, and such orders are generally not subject to immediate appeal. *See, e.g.*, *Goodman v. Johnson*, 471 F. App'x 114, 115 (4th Cir. 2012) (per curiam) ("[A]lthough timely appealed from, the district court's order denying Goodman's motion seeking reconsideration is neither a final order nor an appealable interlocutory or collateral order."). Mr. Dillon relies on several unpublished cases for this point, none of which involve underlying motions to compel arbitration. *See id.* (appeal of order denying reconsideration of order partially dismissing complaint); *Scinto v. Preston*, 234 F. App'x 106 (4th Cir. 2007) (per curiam) (appeal of order denying reconsideration of order dismissing certain defendants); *Jihad v. Jackson*, 166 F.3d 333 (table), 1998 WL 831008, at *1 (4th Cir. Dec. 2, 1998) (per curiam) (appeal of order denying stay and granting reconsideration of discovery order).

The defendants contend that an automatic stay is required even in appeals of orders denying reconsideration of orders denying arbitration. Their brief in support of the motion cited no cases directly on point. In their reply brief [1] they rely on *Oblix, Inc. v.*

---

[1] This continues an unfortunate pattern by the defendants to inadequately support a motion with their initial brief and to only undertake serious legal research after the plaintiff points out problems with the motion. (*See, e.g.*, Doc. 128 at 1, 4-5, 8 (noting that the defendants failed to

*Winiecki*, 374 F.3d 488 (7th Cir. 2004), which held that an appeal of an order denying reconsideration of an order denying arbitration was timely, rejecting the position that "the appeal must come from the first appealable decision." *Id.* at 490.

As noted in the Court's decision on the motions to reconsider, the defendants made strategic choices when they filed their motions to compel arbitration without evidence authenticating the alleged arbitration agreements. (*See* Doc. 128 at 8.) The Fourth Circuit generally holds parties to their strategic choices. *See, e.g.*, *Wood v. Crane Co.*, ___ F.3d ___, ___, 2014 WL 4100565, at *8 (4th Cir. Aug. 15, 2014) (holding, in reference to a party's decision not to assert a particular basis for removal to federal court, that "[w]e usually hold parties to that sort of strategic decision, and are unable to discern why this situation would merit a departure from the general rule"). And, of course, a party can choose not to seek enforcement of an arbitration clause, so this is a waivable right even when it exists. *See Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) (holding that the defendant waived its right to arbitration); *cf. Wood*, 2014 WL 4100565, at *8 (noting that "our litigation system typically operates on a raise-or-waive model," which "forces efficiency and discourages sandbagging"). While this supports a ruling in Mr. Dillon's favor, *Oblix*, referenced above, supports the defendants' view on this issue. The Fourth Circuit does not appear to have addressed the question of the district court's jurisdiction or the timeliness of the appeal in this exact

---

offer any legal basis for their motions and that BMO Harris violated the Local Rules by failing to support factual assertions in its motion with evidence and by including new evidence in its reply brief, which necessitated a surreply).)

3

context.  *See Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 811-12 (4th Cir. 1989).

Whatever the answer to this question is or should be, the Court will exercise its discretion to stay the case pending appeal.  The district court's authority and discretion to stay proceedings are well established:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936).  "The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Georgia Pacific Corp.*, 562 F.2d 294, 296 (4th Cir. 1977).

*Whiteside v. UAW Local 3520*, 576 F. Supp. 2d 739, 742 (M.D.N.C. 2008).

Further delays in this case have the potential to prejudice Mr. Dillon, but that potential prejudice to the plaintiff is likely to be minimal.  The Court understands that Mr. Dillon has raised these same contentions before the Fourth Circuit in a motion to dismiss the appeal.  The Fourth Circuit is ordinarily quite expeditious and acts without undue delay, and the issue in this case is straightforward.

The defendants will be prejudiced if the case proceeds while their appeal is pending and they ultimately succeed, as they will forever lose some benefits of arbitration.  *Cf. Kan. Gas & Elec. Co. v. Westinghouse Elec. Corp.*, 861 F.2d 420, 422 (4th Cir. 1988) ("We hold that orders denying arbitration . . . have serious, perhaps irreparable, consequence." (quotation marks omitted)).  Any discovery or other pre-trial

activities which proceed while the appeal is pending may be mooted if the Fourth Circuit holds that they are entitled to arbitration, and the Court and counsel will have engaged in unnecessary work.  While the Court thinks this is unlikely, the Court also recognizes the lack of substantial authority exactly on point.

Judicial economy favors staying the case as to all the defendants.  If the Fourth Circuit affirms this Court's arbitration rulings, then any discovery or pre-trial activities completed by Mr. Dillon and Four Oaks will likely require repeating, so a stay as to Four Oaks makes sense even though it is not involved in the appeal.  Whatever the outcome on appeal, efficiency favors staying the proceedings in this Court.

It is therefore **ORDERED** that the defendants' motions to stay pending appeal, (Docs. 133, 135), are **GRANTED**, and the case is **STAYED** in its entirety until the Fourth Circuit resolves the pending appeal by BMO Harris, Generations, and Bay Cities, or pending further order of the Court should circumstances otherwise change.

This the 12th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE