**EXHIBIT B**

**Darren Kaplan Law Firm, P.C.**

1359 Broadway • Suite 2001
New York • NY • 10018
212.999.7370 Phone
646.390.7410 Fax
dkaplan@darrenkaplanlaw.com

July 23, 2015

Mary K. Mandeville, Esq.
ALEXANDER RICKS PLLC
4601 Park Road, Suite 580
Charlotte, North Carolina 28209
mary@alexanderricks.com

Lucia Nale, Esq.
Debra Bogo-Ernst, Esq.
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
lnale@mayerbrown.com
dernst@mayerbrown.com

Kevin Ranlett, Esq.
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
kranlett@mayerbrown.com

Reid C. Adams, Jr., Esq.
Jonathan R. Reich, Esq.
WOMBLE CARLYLE
SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
cadams@wcsr.com
jreich@wcsr.com

Eric A. Pullen, Esq.
Leslie Sara Hyman, Esq.
PULMAN, CAPPUCCIO
PULLEN, BENSON &JONES, LLP
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213

Mark Vasco, Esq.
BRYAN CAVE LLP
One Wells Fargo Center
301 S. College Street, Suite 3900
Charlotte, NC 28202
mark.vasco@bryancave.com

Michael P. Carey , Esq.
Ann W. Ferebee, Esq.
BRYAN CAVE LLP
1201 W. Peachtree St., N.W., Suite 1400A
Atlanta, Georgia 30309
michael.carey@bryancave.com
ann.ferebee@bryancave.com

Eric Rieder, Esq.
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
erieder@bryancave.com

Carl N. Patterson, Jr., Esq.
Clifton L. Brinson, Esq.
Isaac A. Linnartz, Esq.
SMITH, ANDERSON, BLOUNT,
DORSETT,
MITCHELL & JERNIGAN, LLP
150 Fayetteville Street
Suite 2300
Raleigh, NC 27601
cpatterson@smithlaw.com
cbrinson@smithlaw.com
ilinnartz@smithlaw.com

epullen@pulmanlaw.com
lhyman@pulmanlaw.com

Re:   Dillon v. BMO Harris Bank, et al. Case No. 1:13-cv-00897-CCE-LPA

Ladies and Gentlemen:

In order to make our meet-and-confer teleconference regarding the need for arbitration-related discovery as productive as possible, permit me to briefly describe Plaintiff's position with respect to the agreements to arbitrate you have proffered and the reasons why these agreements necessitate discovery. There are four loan agreements at issue in the current round of motions—an agreement with Great Plains Lending, LLC ("Great Plains Lending"); an agreement with MNE Services, Inc. d/b/a USFastCash ("USFastCash"); an agreement with Western Sky, LLC ("Western Sky") and an agreement with Vin Capital LLC ("Vin Capital"). For purposes of this letter, we refer to the loan agreements which claim to be made by entities of Native American tribes (Great Plains Lending, USFastCash and Western Sky) as "tribal agreements."

All three tribal agreements represent that borrowers are subject to the exclusive laws and jurisdiction of the tribes:

| Great Plains Lending (Doc. 104-1, p. 2) | USFastCash (Doc. 123-1, p.21) | Western Sky Financial (Doc. 106-1, p. 4) |
|---|---|---|
| **This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Otoe-Missouria Tribe of Indians, a federally recognized Indian Tribe.** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and "Lender" refer to Great Plains Lending, LLC, a lender authorized by the laws of the Otoe-Missouria Tribe. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Otoe-Missouria Tribe of Indians Tribal Court, and further agree that no other state or federal law or regulation shall apply | Both parties agree that this Note and Your account shall be governed by all applicable federal laws and all laws of the Miami Tribe of Oklahoma, the regulatory authority of MNE Services, Inc. dba USFastCash regardless of the state or Jurisdiction in which You may reside, and Your electronic signature below is your consent to the exclusive exercise Of regulatory and adjudicatory authority of the Miami Tribe of Oklahoma over all matters related to this Note and Your account, expressly and forever forsaking any other jurisdiction which either party may claim by virtue of any reason, including residency. | **This Loan Agreement is subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe, Cheyenne River Indian Reservation.** By executing this Loan Agreement, you, the borrower, hereby acknowledge and consent to be bound to the terms of this Loan Agreement, consent to the sole subject matter and personal jurisdiction of the Cheyenne River Sioux Tribal Court, and that no other state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation. |

| | | |
|---|---|---|
| to this Agreement, its enforcement or interpretation. | | |

In fact, two of the tribal agreements represent that borrowers who do not agree to arbitration are subject to tribal jurisdiction and either can only bring disputes in the tribal court or that no court would have competent jurisdiction to hear the dispute. And all three tribal agreements indicate that any dispute is governed by tribal law.

| Great Plains Lending (Doc. 104-1, p. 5) | USFastCash (Doc. 123-1, pp .21-22) | Western Sky Financial (Doc. 106-1, p. 8) |
|---|---|---|
| IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE OTOE-MISSOURIA TRIBE OF INDIANS AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF. | AS A WHOLLY OWNED SUBDIVISION OF A FEDERALLY RECOGNIZED INDIAN TRIBE, MNE Services, Inc. dba USFastCash, AND ITS DIRECTORS, OFFICERS, AND EMPLOYEES ACTING WITHIN THE SCOPE OF THEIR AUTHORITY, ARE NOT SUBJECT TO SUIT IN ANY COURT IN ANY JURISDICTION, OR ANY OTHER FORUM, ABSENT A WAIVER OF SOVIEREIGN IMMUNITY. SOLELY IN ORDER TO PROVIDE FOR THE RESOLUTION OF A DISPUTE THAT WE CANNOT RESOLVE TO YOUR SATISFACTION, SHOULD ANY OCCUR, MNE Services, Inc. DBA USFastCash HEREBY CONSENTS TO A LIMITED WAIVBR OF SOV&REIGN IMMUNITY, AS EXPRESSLY SET FORTH HEREIN, AND FURTHER LIMITED BY THE ARBITRATION PROVISION CONTAINED HEREIN. THIS LIMITED WAIVER IS STRICTLY LIMITED TO INDIVIDUAL ARBITRATION CLAIMS AS SET FORTH BELOW AND JUDICIAL ACTIONS TO ENFORCE SUCH INDIVIDUAL ARBITRATION | In the event you opt out of Arbitration, any disputes hereunder shall nonetheless be governed under the laws of the Cheyenne River Sioux Tribal Nation. |

|  | AWARDS AS STRICTLY LIMITED HEREIN.<br><br>PLEASE BE ADVISED THAT IF YOU CHOOSE TO OPT OUT OF THE FOLLOWING ARBITRATION PROVISION AS DETAILED BELOW, YOUR ONLY OPTION OF [sic] PURSUING A CLAIM AGAINST US FOR ANY UNRESOL\IED DISPUTE WILL BE TO TRY TO BRING AN ACTION IN A COURT OF COMPETENT JURISDICTION, IF ANY EXISTS, BUT IN ADDITION TO PROVING YOU ARE ENTITLED TO ANY RELIEF OR DAMAGES FROM MNE Services, Inc. DBA USFastCash, YOU MAY ALSO HAVE TO PROVE THAT WE ARE NOT ENTITLED TO THE BENEFITS AND PROTECTIONS OF SOVEREIGN IMMUNITY. |  |
|---|---|---|

It is Plaintiff's position that the representations that the tribal agreements and the borrowers themselves (by execution of the agreements) are subject to tribal jurisdiction and law is false. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 783 (7th Cir. 2014) *cert. denied sub nom. W. Sky Fin. v. Jackson*, 135 S. Ct. 1894 (2015) ("a nonmember's consent to tribal authority is not sufficient to establish the jurisdiction of a tribal court"). And since these false representations explicitly apply to the clauses that comprise the arbitration provisions, it is Plaintiff's position that the agreements to arbitrate were induced by fraud. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–404 (1967) (interpreting § 4 of the FAA to permit federal courts to adjudicate claims of "fraud in the inducement of the arbitration clause itself" because such claims "g[o] to the 'making' of the agreement to arbitrate").

Other courts however have found the question of tribal jurisdiction to be a closer call. *See*, *e.g.*, *Brown v. W. Sky Fin., LLC*, No. 1:13CV255, 2015 WL 413774, at *10 (M.D.N.C. Jan. 30, 2015) (finding a potential "colorable claim of tribal jurisdiction, because some of [d]efendants' actions involved alleged tribal entities and/or tribal members."). Given the possibility, however slim, of a "colorable" claim of tribal jurisdiction," Mr. Dillon has no choice but to take discovery on this issue unless Defendants are prepared to concede that there is no jurisdiction by the Indian tribal courts premised on these transactions. That discovery necessarily entails examination of these lenders' operations on the reservation and their interactions with off-reservation third-parties. *See*

*Heldt v. Payday Fin., LLC*, 12 F. Supp. 3d 1170, 1185 (D.S.D. 2014) ("Ultimately, to sustain tribal court jurisdiction, the tribe or tribal member must show that the activities or conduct sought to be regulated through adjudication occurred "inside the reservation.") (citations omitted). *See also*, *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 115 (2d Cir. 2014) ("In any event, plaintiffs provided insufficient evidence to establish that they are likely to succeed in showing that the internet loans should be treated as on-reservation activity.").

Accordingly, we will seek leave of the Court to take discovery on the issue of how and where these lenders operate, with whom they operate (including their Third-Party Senders and Originating Depository Financial Institutions) and the actual financial interest of the tribes in these lenders.

Additionally, all three tribal agreements represent that any arbitration will be conducted pursuant to tribal rules and law:

| Great Plains Lending (Doc. 104-1, p. 6) | USFastCash (Doc. 123-1, p.22) | Western Sky Financial (Doc. 106-1, p. 7) |
|---|---|---|
| YOU AGREE THAT ANY DISPUTE (DEFINED BELOW) WILL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE LAW OF THE OTOE-MISSOURIA TRIBE OF INDIANS. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Otoe-Missouria Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any | You and We expressly acknowledge and agree that this Arbitration Provision Is made pursuant to a transaction Involving interstate commerce and shall be governed by the FAA. If a final, non-appealable judgment of a court having competent jurisdiction over this transaction finds, for any reason, that the FAA does not apply to this transaction, then our agreement to arbitrate shall be governed by the arbitration law of The Miami Tribe of Oklahoma. | The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Cheyenne River Sioux Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below.<br><br>THIS ARBITRATION PROVISION IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHEYENNE RIVER SIOUX TRIBE. The arbitrator will apply the laws of the Cheyenne River Sioux Tribal Nation and the terms of this Agreement. The arbitrator must apply the terms of this |

| | | |
|---|---|---|
| arbitration under this Agreement may be conducted either on tribal land or within thirty (30) miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the sovereign status or immunity of the Otoe-Missouria Tribe of Indians, or (b) to allow for the application of any law other than the law of the Otoe-Missouria Tribe of Indians. | | Arbitration agreement, including without limitation the waiver of class-wide Arbitration. The arbitrator will make written findings and the arbitrator's award may be filed in the Cheyenne River Sioux Tribal Court, which has jurisdiction in this matter. The Arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by a court upon judicial review. |

It is Plaintiff's position that tribal laws and rules relating to arbitration and consumer debt disputes do not exist and that therefore, the arbitral forums provided for in the tribal agreements are unavailable. *See*, *e.g.*, *Jackson* ("[p]laintiffs could not have ascertained or understood the arbitration procedure to which they were agreeing because it did not exist." 764 F.3d at 781; *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1354 (11th Cir. 2014) *cert. denied*, 135 S. Ct. 1735 (2015) ("Finally, the fact that the arbitration clause calls for the arbitration to be conducted according to consumer dispute resolution rules that do not exist supports the conclusion that the Tribe is not involved in private arbitrations."). Nevertheless, at least two district courts have required an individual showing by the plaintiff of the tribal laws and rules' non-existence even post-*Jackson* and *Inetianbor*, *see, Chitoff v. CashCall, Inc.,* No. 0:14-CV-60292, 2014 WL 6603987, at *1 (S.D. Fla. Nov. 17, 2014) ("Plaintiff has attempted to rely upon citations to other cases where the forum has been found to be unavailable in lieu of providing his own evidence. The Court therefore finds that Plaintiff has failed to meet his evidentiary burden to prove that the arbitration forum is unavailable or otherwise invalid"); *Brown*, *supra*, 2015 WL 413774, at *11 ("Plaintiffs in the present action have not attempted to actually arbitrate or file any action in a CRST court"). Consequently, Mr. Dillon has no choice but to seek discovery on this issue. Again, discovery could be avoided if Defendants were prepared to stipulate that there is no tribal law or rules specifically applicable to payday loans or the conduct of arbitrations.

Further, with respect to the loan made to Mr. Dillon by Vin Capital, we note that the supporting declaration whereby the unsigned loan agreement is offered into evidence, comes not from Vin Capital, but rather, from its Third-Party Sender, Billing Tree Payments Solution (Doc. 123-2) who purportedly obtained it from Vin Capital's servicer. Because the declarant does not claim knowledge of Vin Capital's record keeping system and the creation of the contested record to establish its trustworthiness, the declaration is not being made by a custodian or qualified witness under Federal Rule of Evidence 902(11). *Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698, 703-704 (E.D. Va. 2004) ("While the bar for qualification as a custodian or

qualified witness is not high . . . declarations clearly fall far short of it by failing to meet the threshold 'qualified witness' requirement of Rule 902(11)"). Accordingly, we will seek discovery of both Billing Tree Payments and Vin Capital as to the authenticity of the document in question.

Finally, because all movants are seeking to enforce arbitration agreements as non-signatories under theories of equitable estoppel, third-party beneficiary and agency theories, it is Plaintiff's position that pre-arbitration discovery is required as to the circumstances and facts of the relationships between Defendants and the payday lenders and/or the payday lenders' third-party senders. *See, e.g.*, *Pearson v. Gardere Wynne Sewell LLP*, 814 F. Supp. 2d 592, 601 (M.D.N.C. 2011) (for plaintiff to assert a claim based on the third-party beneficiary of contract doctrine "[i]t is not enough that the contract, in fact, benefits the plaintiff, if, when the contract was made, the contracting parties did not intend it to benefit the plaintiff directly"); *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, No. 1:03CV949, 2005 WL 1610653, at *8 (M.D.N.C. July 8, 2005) ("[u]nless there is but one inference that can be drawn from the facts, whether an agency relationship exists is a question of fact for the jury.").

We look forward to speaking with you tomorrow at 10:30 AM EDT. Again, the conference call information is dial-in number 218-936-3933 and passcode 527526#.

Very truly yours,

Darren Kaplan

Cc: All Counsel for Dillon