# EXHIBIT B

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
### CIVIL ACTION NO. 1:13-CV-897

|  |  |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank,<br><br>    Defendants. |  |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT GENERATIONS FEDERAL CREDIT UNION'S FIRST SET OF REQUESTS FOR ADMISSIONS

Pursuant to Federal Rule of Civil Procedure 36, plaintiff James Dillon ("Plaintiff"), hereby responds as follows to defendant Generations Federal Credit Union's ("Generations") First Requests for Admissions.

## RESPONSES AND OBJECTIONS TO REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that a CashCall representative reviewed the terms and conditions of the Loan Agreement with You.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Plaintiff objects to the word "reviewed" in this request as ambiguous and implying more than what transpired in the recorded conversation between plaintiff and a purported CashCall representative. (Doc. 153-1). Plaintiff further responds that he has no recollection of speaking to the purported CashCall representative.

### REQUEST FOR ADMISSION NO. 2:

Admit that a CashCall representative informed You that You needed to confirm that You read and understood the Arbitration Provisions in the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Plaintiff objects to the word "confirm" in this request as ambiguous. Plaintiff further objects in that the word "confirm" does not appear anywhere in the transcript of the recorded conversation between plaintiff and a purported CashCall representative. (Doc. 153-1). Plaintiff further responds that he has no recollection of speaking to the purported CashCall representative.

**REQUEST FOR ADMISSION NO. 3:**

Admit that when You entered into the Loan Agreement, You were aware that the Loan Agreement contained a provision requiring disputes under the Loan Agreement to be resolved by binding arbitration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Plaintiff objects to the word "aware" in this request as ambiguous. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 4:**

Admit that You reviewed the Arbitration Provisions before You entered into the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Plaintiff objects to the word "reviewed" in this request as ambiguous and implying more than the mere reading of the Arbitration Provisions. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 5:**

2

Admit that You did not review the Arbitration Provisions before You entered into the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects to the word "reviewed" in this request as ambiguous and implying more than the mere reading of the Arbitration Provisions. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 6:**

Admit that when You entered into the Loan Agreement, You were aware of the provision of the Loan Agreement titled "Governing Law."

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to the word "aware" in this request as ambiguous. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 7:**

Admit that You reviewed the provision of the Loan Agreement titled "Governing Law" before You entered into the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to the word "reviewed" in this request as ambiguous and implying more than the mere reading of the "Governing Law" provision. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 8:**

3

Admit that You did not review the provision of the Loan Agreement titled "Governing Law" before You entered into the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects to the word "reviewed" in this request as ambiguous and implying more than the mere reading of the "Governing Law" provision. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 9:**

Admit that before You entered into the Loan Agreement You were aware that the it (sic) stated that the Loan Agreement "is subject solely to the exclusive laws and jurisdiction of the Cheyenne River Sioux Tribe, Cheyenne River Indian Reservation", and that "no other state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects to the word "aware" in this request as ambiguous. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 10:**

Admit that before You entered into the Loan Agreement You were aware that the Loan Agreement stated that any dispute You have with Western Sky or anyone else under the Loan Agreement would be resolved by arbitration conducted by the Cheyenne River Sioux Tribal Nation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Plaintiff objects to the word "aware" in this request as ambiguous. Plaintiff further responds that he has no recollection of specific terms in the Loan Agreement from the time he purportedly entered into the Loan Agreement.

**REQUEST FOR ADMISSION NO. 11:**

4

Admit that You did not ask Cash Call or Western Sky any questions about the provision of the Loan Agreement titled "Governing Law" prior to executing the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Plaintiff admits.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You did not ask CashCall or Western Sky any questions about the Arbitration Provisions of the Loan Agreement prior to executing the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

Plaintiff admits.

**REQUEST FOR ADMISSION NO. 13:**

Admit that You applied for a loan with Western Sky.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Plaintiff admits.

**REQUEST FOR ADMISSION NO. 14:**

Admit that You agreed with Western Sky on the terms of a loan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Plaintiff objects to the word "agreed" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Plaintiff admits he electronically clicked-through the agreement attached as Exhibit A to this Request for Admission over the Internet.

**REQUEST FOR ADMISSION NO. 15:**

Admit that the agreement attached to this Request for Admissions as Exhibit A is a true and correct copy of Your loan agreement with Western Sky.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Plaintiff admits that the agreement attached as Exhibit A to the Request for Admission is

5

a true and correct copy of the agreement he electronically clicked-through over the Internet.

**REQUEST FOR ADMISSION NO. 16:**

Admit that the agreement attached to this Request for Admissions as Exhibit A sets forth the terms of your agreement with Western Sky for a loan.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Plaintiff admits that the agreement attached to this Request for Admissions as Exhibit A sets forth the terms of his agreement with Western Sky for an illegal loan but denies that such terms are legal, valid or enforceable.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the Loan Agreement is a valid and enforceable instrument.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 18:**

Admit that You electronically signed the Loan Agreement in two locations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Plaintiff objects to the use of the word "locations" in this request as ambiguous. Plaintiff also object to the use of the phrase "electronically signed" in this request as ambiguous. Plaintiff admits he electronically clicked-through the agreement attached as Exhibit A to this Request for Admission over the Internet.

**REQUEST FOR ADMISSION NO. 19:**

6

Admit that You agreed to the terms of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Plaintiff objects to the word "agreed" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Plaintiff admits that he electronically clicked-through the agreement attached as Exhibit A to the Request for Admission over the Internet.

**REQUEST FOR ADMISSION NO. 20:**

Admit that when You electronically signed the Loan Agreement, You acknowledged that You understood and agreed to the terms contained therein, including the choice of law, class action waiver and Arbitration Provisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff objects to this request for admission as not representing a fair and accurate paraphrasing of the language of the Loan Agreement. Plaintiff also objects to the term "electronic signature" in this request as ambiguous. Plaintiff admits he electronically checked two boxes over the Internet that said:

> YOU HAVE READ AND UNDERSTAND THE ARBITRATION SECTION OF THIS NOTE AND AGREE TO BE BOUND BY THE TERMS AND CONDITIONS OF THAT SECTION.

> and

> YOU HAVE READ ALL OF THE TERMS AND CONDITIONS OF THIS PROMISSORY NOTE AND DISCLOSURE STATEMENT AND AGREE TO BE BOUND THERETO. YOU UNDERSTAND AND AGREE THAT YOUR EXECUTION OF THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND EFFECT AS A PAPER CONTRACT.

**REQUEST FOR ADMISSION NO. 21:**

Admit that Your second electronic signature on the Loan Agreement represented Your confirmation that You read and understood the terms and conditions of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Plaintiff objects to the term "electronic signature" in this request as ambiguous. Plaintiff

admits he electronically checked two boxes over the Internet that said:

> YOU HAVE READ AND UNDERSTAND THE ARBITRATION
> SECTION OF THIS NOTE AND AGREE TO BE BOUND BY
> THE TERMS AND CONDITIONS OF THAT SECTION.

> and

> YOU HAVE READ ALL OF THE TERMS AND CONDITIONS
> OF THIS PROMISSORY NOTE AND DISCLOSURE
> STATEMENT AND AGREE TO BE BOUND THERETO. YOU
> UNDERSTAND AND AGREE THAT YOUR EXECUTION OF
> THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND
> EFFECT AS A PAPER CONTRACT.

## REQUEST FOR ADMISSION NO. 22:

Admit that You electronically signed the Loan Agreement on May 30, 2013.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Plaintiff objects to the term "electronic signature" in this request as ambiguous. Plaintiff

admits he electronically checked two boxes over the Internet that said:

> YOU HAVE READ AND UNDERSTAND THE ARBITRATION
> SECTION OF THIS NOTE AND AGREE TO BE BOUND BY
> THE TERMS AND CONDITIONS OF THAT SECTION.

> and

> YOU HAVE READ ALL OF THE TERMS AND CONDITIONS
> OF THIS PROMISSORY NOTE AND DISCLOSURE
> STATEMENT AND AGREE TO BE BOUND THERETO. YOU
> UNDERSTAND AND AGREE THAT YOUR EXECUTION OF
> THIS NOTE SHALL HAVE THE SAME LEGAL FORCE AND
> EFFECT AS A PAPER CONTRACT.

## REQUEST FOR ADMISSION NO. 23:

Admit that You agreed to sign the Loan Agreement as if You were physically present
within the exterior boundaries of the Cheyenne River Indian Reservation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 23:

8

Plaintiff objects to the phrase "You agreed to sign the Loan Agreement" in this request as ambiguous. Plaintiff admits that the Loan Agreement contains the following language:

> You further agree that you have executed the Loan Agreement as if you were physically present within the exterior boundaries of the Cheyenne River Indian Reservation

## REQUEST FOR ADMISSION NO. 24:

Admit that You did sign the Loan Agreement as if You were physically present within the exterior boundaries of the Cheyenne River Indian Reservation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 24:

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

## REQUEST FOR ADMISSION NO. 25:

Admit that You agreed that the Loan Agreement was fully performed within the exterior boundaries of the Cheyenne River Indian Reservation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 25:

Plaintiff objects to the word "agreed" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Plaintiff admits that the Loan Agreement contains language which states "that this Loan Agreement is fully performed within the exterior boundaries of the Cheyenne River Indian Reservation."

## REQUEST FOR ADMISSION NO. 26:

Admit that the Loan Agreement is governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Cheyenne River Sioux Tribe.

## RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th

9

Cir. 2005).

**REQUEST FOR ADMISSION NO. 27:**

Admit that the Loan Agreement is not subject to the laws of any state of the United States of America.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Plaintiff objects to this request as impermissibly requesting an admission on a

conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th

Cir. 2005).

**REQUEST FOR ADMISSION NO. 28:**

Admit that the Loan Agreement is not subject to any federal law.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Plaintiff objects to this request as impermissibly requesting an admission on a

conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th

Cir. 2005).

**REQUEST FOR ADMISSION NO. 29:**

Admit that You agreed that by entering the Loan Agreement, You were voluntarily availing Yourself of the laws of the Cheyenne River Sioux tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Plaintiff objects to this request as impermissibly requesting an admission on a

conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th

Cir. 2005).

**REQUEST FOR ADMISSION NO. 30:**

Admit that You agreed to resolve any dispute with Western Sky or anyone else under the Loan Agreement by binding arbitration.

10

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Plaintiff objects to the word "agreed" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Plaintiff further objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 31:**

Admit that any dispute under the Loan Agreement must be resolved by binding arbitration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 32:**

Admit that under the Loan Agreement, You have the right to select the following arbitration organizations to administer the arbitration: the American Arbitration Association, JAMS, or an arbitration organization agreed upon by You and the other parties to the dispute.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 33:**

Admit that under the Loan Agreement, an arbitration is to be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Cheyenne River Sioux tribe or the express terms of the agreement to arbitrate under the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

11

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 34:**

Admit that You waived Your ability to participate in any class action claim under the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 35:**

Admit that the Loan Agreement places exclusive jurisdiction with the Cheyenne River Sioux tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 36:**

Admit that the Loan Agreement is governed solely by the laws of the Cheyenne River Sioux tribe.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 37:**

Admit that You spoke to a CashCall representative during a phone call on May 30, 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Plaintiff responds that he is unable to admit or deny this request for admission because he does not know with whom he spoke on May 30, 2013 or whether or not that person actually represented CashCall.

**REQUEST FOR ADMISSION NO. 38:**

Admit that You were informed by a CashCall representative during a telephone call with the representative that You were required to agree to be bound by the terms and conditions of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Plaintiff objects to the word "agree" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Subject to and without waiving such objection, plaintiff responds that he is unable to admit or deny this request for admission because he does not know with whom he spoke on May 30, 2013 or whether or not that person actually represented CashCall.

**REQUEST FOR ADMISSION NO. 39:**

Admit that You agreed to the terms of the Loan Agreement during a telephone call with the representative of Cash Call.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Plaintiff objects to the word "agree" in this request as ambiguous and implying full and knowing agreement to all of the loan's terms. Subject to and without waiving such objection, plaintiff responds that he is unable to admit or deny this request for admission because he does not know with whom he spoke on May 30, 2013 or whether or not that person actually represented CashCall.

13

**REQUEST FOR ADMISSION NO. 40:**

Admit that You were informed by a CashCall representative during a phone call that in order to accept the Loan Agreement's terms, You needed to electronically check two boxes and click on a yellow button.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Plaintiff responds that he is unable to admit or deny this request for admission because he does not know with whom he spoke on May 30, 2013 or whether or not that person actually represented CashCall.

**REQUEST FOR ADMISSION NO. 41:**

Admit that You conceded to a CashCall representative during a phone call that You had electronically signed the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Plaintiff responds that he is unable to admit or deny this request for admission because he has no recollection of speaking to a purported CashCall representative.

**REQUEST FOR ADMISSION NO. 42:**

Admit that Your present claims in this Lawsuit against Generations fall within the Arbitration Provisions of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 43:**

Admit that Generations is entitled to enforce the Arbitration Provisions in the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

14

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 44:**

Admit that under the express terms of the Loan Agreement, Generations is entitled to enforce the Arbitration Provisions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 45:**

Admit that each of Your present claims in this Lawsuit is a claim under the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 46:**

Admit that You expressly acknowledged in the Loan Agreement that You authorized Western Sky to initiate an automated clearinghouse or other electronic fund transfer to make transfers for the loan payments from Your bank.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

15

**REQUEST FOR ADMISSION NO. 47:**

Admit that Generations derived a benefit through processing loan transactions pursuant to the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 48:**

Admit that all of Your present claims in this Lawsuit rely on the terms of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 49:**

Admit that all of Your present claims in this Lawsuit make reference to or presume the existence of the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Plaintiff objects to this request as impermissibly requesting an admission on a conclusion of law. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 F. App'x 169, 172 (4th Cir. 2005).

**REQUEST FOR ADMISSION NO. 50:**

Admit that the transcript, included in "Attachment 1" to the Brief in Support of Generations Community Federal Credit Union's Second Renewed Motion to Dismiss, of the

"signing call" with a Cash Call representative is a true and correct transcript of Your phone call on May 30, 2013.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Plaintiff objects to the term "signing call" in this request as ambiguous and undefined.

Plaintiff responds that he has no recollection of speaking to the purported CashCall

representative and is therefore is unable to admit or deny this request for admission.

**REQUEST FOR ADMISSION NO. 51:**

Admit that Cash Call was the marketing and servicing agent for Western Sky at the time You entered into the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Plaintiff responds that he is unable to admit or deny this request for admission because

he cannot possibly know whether or not CashCall was or is the marketing and/or servicing

agent for Western Sky.

**REQUEST FOR ADMISSION NO. 52:**

Admit that Cash Call assisted in collecting information to submit to Western Sky in association with Your application for the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Plaintiff responds that he is unable to admit or deny this request for admission because

he cannot possibly know whether or not CashCall assisted in collecting information to submit to

Western Sky.

**REQUEST FOR ADMISSION NO. 53:**

Admit that CashCall assisted You with the loan process in obtaining the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Plaintiff responds that he is unable to admit or deny this request for admission because

17

he does not know with whom he spoke on May 30, 2013 or whether or not that person actually represented CashCall.

**REQUEST FOR ADMISSION NO. 54:**

Admit that You had direct communication with CashCall while in the process of obtaining the Loan Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Plaintiff responds that he is unable to admit or deny this request for admission because has no recollection of speaking to the purported CashCall representative.

**REQUEST FOR ADMISSION NO. 55:**

Admit that You were notified of the assignment of the servicing of Your loan with Western Sky to CashCall.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Plaintiff responds that he is unable to admit or deny this request for admission because he does not recall receiving any assignment of the loan from Western Sky to CashCall.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the servicing of Your loan with Western Sky was assigned to Cash Call.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Plaintiff responds that he is unable to admit or deny this request for admission because he does not recall receiving any assignment of the loan from Western Sky to CashCall and he cannot possibly know whether or not the servicing of the loan was actually assigned to CashCall.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You never contacted Western Sky to opt out of arbitration as provided in the Loan Agreement.

18

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Plaintiff objects to the term "opt out" as ambiguous and undefined. Plaintiff admits that

he did not contact Wester Sky in accordance with the paragraph in the Loan Agreement entitled

**"Right to Opt Out.".**


Dated: August 28, 2015                                   Respectfully submitted,

/s/ Darren T. Kaplan (admitted Pro Hac Vice)
**DARREN KAPLAN LAW FIRM, P.C.**
1359 Broadway
Suite 2001
New York, NY 10018
Telephone: (212) 999-7370
Facsimile: (646) 390-7410
dkaplan@darrenkaplanlaw.com

F. Hill Allen
N.C. Bar No. 18884
**THARRINGTON SMITH, L.L.P.**
P.O. Box 1151
Raleigh, North Carolina 27602-1151
Telephone: (919) 821-4711
Facsimile: (919) 829-1583
hallen@tharringtonsmith.com

Norman E. Siegel (Pro Hac Vice)
Steve Six (Pro Hac Vice)
J. Austin Moore (Pro Hac Vice)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, MO 64112
Telephone: (816) 714-7100
Facsimile: (816) 714-7101
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Hassan A. Zavareei (Pro Hac Vice)
Jeffrey D. Kaliel (Pro Hac Vice)
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W.
Suite 808
Washington, D.C. 20036

19

Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
jkaliel@tzlegal.com

Jeffrey M. Ostrow (Pro Hac Vice)
**KOPELOWITZ OSTROW P.A.**
200 S.W. 1st Avenue, 12th Floor
Fort Lauderdale, Florida 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
ostrow@KOlawyers.com

*Attorneys for Plaintiff and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing was served via electronic mail to the following counsel in this matter on August 28, 2015:

BRYAN CAVE LLP
Mark Vasco, NC Bar No. 27048
One Wells Fargo Center
301 S. College Street, Suite 3900
Charlotte, NC 28202
Phone: (704) 749-8930
Fax: (704) 749-8990
mark.vasco@bryancave.com

Michael P. Carey (GA Bar No. 109364)
Ann Ferebee (GA Bar No. 431941)
1201 W. Peachtree St., N.W.
Suite 1400A
Atlanta, Georgia 30309
Phone: (404) 572-6863
Fax: (404) 420-0863
michael.carey@bryancave.com
ann.ferebee@bryancave.com

Eric Rieder (NY Bar No. 2152577)
1290 Avenue of the Americas
New York, New York 10104
Phone: (212) 541-2057
Fax: (212) 541-4630
eric.rieder@bryancave.com

MAYER BROWN LLP
Lucia Nale, Esq.
Debra Bogo-Emst, Esq.
Matthew C. Sostrin
71 South Wacker Drive
Chicago, IL 60606
lnale@mayerbrown.com
dernst@mayerbrown.com
msostrin@mayerbrown.com

Kevin Ranlett, Esq.
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006
kranlett@mayerbrown.com
Mary K. Mandeville, Esq.
ALEXANDER RICKS PLLC
4601 Park Road, Suite 580
Charlotte, North Carolina 2 $209
mary@alexanderricks.com

WOMBLE CARLYLE
SANDRIDGE & RICE, LLP
Reid C. Adams, Jr., Esq.
Jonathan R. Reich, Esq.
One West fourth Street
Winston-Salem, NC 27101
cadams@wcsr.com
jreich@wcsr.com

PULMAN, CAPPUCCIO,
PULLEN, BENSON & JONES, LLP
Eric A. Pullen, Esq.
Leslie Sara Hyman, Esq
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
epullen@pulmanlaw.com
lhyman@pulmanlaw.com
ddiaz@pulmanlaw.com

/s/Darren T. Kaplan
Counsel for Plaintiff and the Class

21