UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:13-CV-897-CCE (LPA)

| | |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank,<br><br>      Defendants. | Judge Catherine C. Eagles<br><br>**BRIEF IN SUPPORT OF DEFENDANT BMO HARRIS BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE** |

## I.    NATURE OF THE MATTER

This Court has scheduled an evidentiary hearing for January 27, 2016 to assess the authenticity of loan agreements between Plaintiff James Dillon and the various third-party lenders, including two agreements with Great Plains Lending, LLC ("Great Plains") that defendant BMO Harris Bank, N.A. ("BMO Harris") has invoked in its motion to compel arbitration Order, Doc. 187. Pursuant to Federal Rule of Evidence 201, BMO Harris respectfully requests that the Court take judicial notice of the filing of the declaration of Max J. Dubin in a proceeding before the U.S. District Court for the Southern District of New York—and specifically of Exhibit 4 to that declaration. Exhibit

1

4 is a Great Plains loan agreement containing an arbitration provision identical to the one in the agreements that BMO Harris has invoked.

## II. STATEMENT OF FACTS

On July 15, 2015, BMO Harris filed a motion to compel arbitration invoking the arbitration provisions in two loan agreements that Mr. Dillon had entered into with third-party tribal lender Great Plains in December 2012 and August 2013. Renewed Mot. to Compel Arbitration, Doc. No. 150 at 13-23. To authenticate those agreements, BMO Harris relied on declarations of John Shotton, the chairman of the Otoe-Missouria tribal council and treasurer of Great Plains (Doc. Nos. 104, 151), which attached copies of the agreements from Great Plains's records (Doc. Nos. 104-1, 151-1).

In opposing the motion to compel arbitration, Mr. Dillon objected that he had not deposed Mr. Shotton. Opp., Doc. No. 176 at 13. Mr. Dillon explained that after he served a subpoena on Great Plains, Great Plains moved to quash the subpoena, leading him to withdraw the subpoena. *Id.* at 14.

On January 11, 2016, the Court issued an order setting an evidentiary hearing to assess the authenticity of the Great Plains loan agreements, as well as loan agreements with third parties that defendant Bay Cities Bank had invoked in its separate motion to compel arbitration. Order, Doc. No. 187 at 4. The Court explained that "[w]hen one of the contracting parties has exclusive control over the electronic record, that party is in a position to produce a document which meets its preferences and current needs, rather than a document which accurately reflects the terms agreed to during the online execution

2

of the contract." *Id.* at 3. The Court stated that "an unscrupulous lender might add an arbitration clause if it is sued by the borrower, but might delete the arbitration clause if the lender files suit claiming a default." *Id.*

Meanwhile, the Otoe-Missouria tribe, with which Great Plains is affiliated, had sued a number of New York regulators in the U.S. District Court for the Southern District of New York. *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, No. 13-cv-5930 (S.D.N.Y.). In that action, counsel for one of the defendants, Max J. Dubin, the Assistant Counsel for the Financial Frauds & Consumer Protection Division of the New York State Department of Financial Services ("DFS"), submitted a declaration. Decl. of Max J. Dubin, *Otoe-Missouria Tribe*, *supra*, ECF No. 20 (S.D.N.Y. Sept. 3, 2013). A true and correct copy of Mr. Dubin's declaration is attached as Exhibit A to the declaration of Kevin Ranlett filed with this request for judicial notice.

In Mr. Dubin's declaration, he states that, as part of an "investigation by DFS into the online payday lending industry, . . . DFS staff reviewed consumer complaints, contracts between consumers and lenders, websites of various lenders, and other sources." Ranlett Decl. Ex. A ¶¶ 2-3. Mr. Dubin further states that "DFS obtained an electronically signed contract" for a loan from "Great Plains Lending" from an unnamed New York borrower. *Id.* ¶ 20. Mr. Dubin attached a copy of that loan agreement, "which was electronically signed on or before February 7, 2013," as Exhibit 4 to his declaration. *Id.*

3

No party to *Otoe-Missouria Tribe of Indians*—including Great Plains—disputed the authenticity of that loan agreement. A true and correct printout from PACER of the docket sheet from that action is attached as Exhibit B to Mr. Ranlett's declaration.

The February 2013 Great Plains loan agreement that Mr. Dubin attached to his declaration contains an arbitration provision identical to the one in Mr. Dillon's December 2012 and August 2013 loan agreements that BMO Harris has invoked in this case. *Compare* Ranlett Decl. Ex. A (Dubin Decl. Ex. 4 at 6-9) *with* Doc. 104-1 at 5-7 (December 2012 agreement) *and* Doc. 151-1 at 5-7 (August 2013 agreement).

### III. <u>QUESTION PRESENTED</u>

Whether this Court should take judicial notice of the filing of Mr. Dubin's declaration—and specifically to the Great Plains loan agreement attached as Exhibit 4 to that declaration, which contains an arbitration provision identical to the one in the Great Plains loan agreements that BMO Harris has invoked in its motion to compel arbitration.

### IV. <u>ARGUMENT</u>

This Court has authority to take judicial notice of Mr. Dubin's declaration and the arbitration provision in the Great Plains loan agreement attached to that declaration. Under Federal Rule of Evidence 201, "at any stage of the proceeding," the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information" that the "fact" is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2), (c), (d). In the Fourth Circuit, "[t]he most frequent

4

use of judicial notice of ascertainable facts is in noticing the content of court records." *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *see also*, *e.g.*, *Lolavar v. de Santibanes*, 430 F.3d 221, 225 n.2 (4th Cir. 2005) ("We take judicial notice of the records of a court of record."). Mr. Dubin's declaration, which was filed in a separate action in the U.S. District Court for the Southern District of New York, is such a court record. *See*, *e.g.*, *Meth v. Natus Medical Inc.*, 2014 WL 3544989, at *2 (E.D. Va. July 17, 2014) (taking judicial notice of two declarations filed in another action); *Emil v. Baker*, 2013 WL 6058064, at *2 (D. Nev. Nov. 15, 2013) (taking judicial notice of exhibits to declaration filed in unrelated case); *Davis v. Electronic Arts, Inc.*, 2012 WL 3860819, at *2 n.4 (N.D. Cal. Mar. 29, 2012) (taking judicial notice of "briefs, declarations, and expert reports and testimony offered by EA in a number of other cases").

BMO Harris respectfully submits that the filing of Mr. Dubin's declaration—and especially the attached Great Plains loan agreement containing an arbitration provision—is relevant to the issues for which this Court has set an evidentiary hearing on January 27, 2015. Order, Doc. No. 187. Specifically, the Court indicated that it wishes to hear evidence regarding the authenticity of Mr. Dillon's loan agreements with Great Plains. *Id.* at 3. The Court expressed the concern that "an unscrupulous lender might add an arbitration clause if it is sued by the borrower, but might delete the arbitration clause if the lender files suit claiming a default." *Id*.

5

The filing of Mr. Dubin's declaration speaks to that concern. The arbitration provision in the February 2013 Great Plains loan agreement attached to Mr. Dubin's declaration is identical to the provision in the December 2012 and August 2013 Great Plains agreements that BMO Harris has invoked in this action. *Compare* Ranlett Decl. Ex. A (Dubin Decl. Ex. 4 at 6-9) *with* Doc. 104-1 at 5-7 (December 2012 agreement) *and* Doc. 151-1 at 5-7 (August 2013 agreement). Accordingly, the filing of that Great Plains loan agreement in another case by a lawyer for DFS tends to confirm that the arbitration provision in the December 10, 2012 and August 17, 2013 language is accurate and authentic.

## V. CONCLUSION

For the foregoing reasons, BMO Harris respectfully requests that the Court take judicial notice of: (i) Mr. Dubin's declaration and the arbitration provision on pages 6-9 of the Great Plains loan agreement that he attaches as Exhibit 4 to his declaration; and (ii) the fact that that arbitration provision is identical to the one in the December 2012 and August 2013 loan agreements between Dillon and Great Plains that BMO Harris has submitted in this case.

Dated: January 20, 2016

                                              Respectfully submitted by,

                                              By:   */s/ Kevin Ranlett*
                                              Kevin Ranlett (Pro Hac Vice)
                                              MAYER BROWN LLP
                                              1999 K Street, N.W.
                                              Washington, D.C. 20006
                                              Telephone: (202) 263-3000

Facsimile: (202) 263-3300
kranlett@mayerbrown.com

Lucia Nale (Pro Hac Vice)
Debra Bogo-Ernst (Pro Hac Vice)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:   (312) 782-0600
Facsimile:    (312) 701-7711
lnale@mayerbrown.com
dernst@mayerbrown.com

Mary K. Mandeville, Esq.
N.C. Bar No. 15959
ALEXANDER RICKS PLLC
4601 Park Road, Suite 580
Charlotte, North Carolina 28209
Telephone:   (704) 200-2635
Facsimile:    (704) 365-3676
mary@alexanderricks.com

*Attorneys for Defendant BMO Harris Bank, N.A.*

## CERTIFICATE OF SERVICE

I certify that on this 20th Day of January, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to the attorneys on that system.

By: */s/ Kevin Ranlett*
     Kevin Ranlett