IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897-CCE-LPA

| | |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank,<br><br>    Defendants. | **GENERATIONS COMMUNITY FEDERAL CREDIT UNION'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to the Court's February 2, 2016 Order, Defendant Generations Community Federal Credit Union, incorrectly sued as Generations Federal Credit Union ("Generations"), files this Brief in Support of its Motion to Dismiss, respectfully showing the Court the following:

In *Hayes v. Delbert Services Corporation,* No. 15-1179 (4th Cir. Feb. 2, 2016), the Fourth Circuit held that a third-party debt collector could not enforce the arbitration and venue clauses in a Western Sky Financial loan agreement. The court held that the choice of law language in the arbitration clause invalidated it and that the third-party debt collector could not enforce the venue clause. *Id* at 16, 23 n.3.

For several reasons, the outcome in *Hayes* is not controlling here.

**First**, Generations' motion to dismiss for improper venue is not foreclosed by *Hayes*. Unlike Delbert Services Corporation, Generations is not an after-the-fact debt collector. Generations, as the Originating Depository Financial Institution, facilitated the transfer of money from Dillon's bank account with Wells Fargo to CashCall pursuant to Dillon's Loan Agreement while the loan was current. Docket No. 1 ¶¶ 100-102. In doing so, Generations was acting as a "servicer" under the natural and ordinary meaning of that term. The Fourth Circuit held that the forum selection provision in Western Sky Financial's Loan Agreement does not cover after-the-fact, third-party debt collectors. *Hayes,* No. 15-1179 at 23 n.3. The court did not address, because the issue was not before it, whether a servicer such as Generations could enforce the venue selection provision. Accordingly, *Hayes* does not control Generations' motion to dismiss on the basis of improper venue.

**Second**, as the Fourth Circuit recognized, "parties may give arbitrability questions to an arbitrator." *Id.* at 10 n.1. The parties did so here. Docket 106-1 at 7. The Fourth Circuit held in *Hayes* that the plaintiffs there had adequately challenged the delegation provision. *Hayes,* No. 15-1179 at 10 n.1. As Generations explained in its Reply in support of its Second Renewed Motion to Dismiss, however, Dillon failed the adequately challenge the delegation provision. Docket No. 180 at 2.

**Finally**, the Fourth Circuit failed to properly distinguish between a challenge to an arbitration provision and a challenge to a contract. Where a party claims that a contract is

2

void for illegality, the question of that validity is for the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 442-44 (2006); *see also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395 (1967). The Fourth Circuit recognized that the choice of law provisions complained of are contained outside the arbitration provisions of the contract. *See Hayes,* No. 15-1179 at 4-5; *see also* Docket No. 106-1 at 4 (introduction), 6 ("Governing Law"). The reference to the choice of law in the arbitration clause merely restates this generally-applicable provision.[1] *See* Docket No. 106-1 at 8. Because a claim that application of a foreign sovereign's law is improper is a challenge to the entire contract, under *Buckeye* the challenge is for the arbitrator to decide.[2]

---

[1] The error the Fourth Circuit committed is made apparent by its statement that the arbitration provision "unambiguously forbids an arbitrator from even applying the applicable law." *Hayes,* No. 15-1179 at 3. The identification of the "applicable law" is for the arbitrator, not the court. *See, e.g., Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 541 (1995) (holding that it was improper for a court to address whether a choice of law provision acted as a prospective waiver of statutory rights at the motion to compel arbitration stage because the effect of choice of law provisions "must be decided in the first instance by the arbitrator").

[2] Generations does not concede that a provision providing that one sovereign's law applies is always an improper waiver of another sovereign's law. *See, e.g., Asignacion v. Rickmers Genoa Schiffahrtsgesellschaft mbH & Cie KG*, 783 F.3d 1010, 1017 (5th Cir. 2015), *cert. denied,* 15-305, 2016 WL 100832 (Jan. 11, 2016) ("The Supreme Court has rejected the 'concept that all disputes must be resolved under our laws and in our courts,' even when remedies under foreign law do not comport with American standards of justice.") (quoting *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 517 n.11 (1974)). Even when it comes to state law, "parties' choice of law has been held to validate interest rates that would be usurious and unenforceable in the jurisdiction whose law would prevail absent the contractual stipulation of controlling law." *Barnes Group, Inc. v. C & C Products, Inc.*, 716 F.2d 1023, 1031 (4th Cir. 1983).

3

/s/ Jonathan R. Reich
Reid C. Adams, Jr., NCSB #9669
Jonathan R. Reich, NCSB #41546
WOMBLE CARLYLE
SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-Mail: cadams@wcsr.com
E-Mail: jreich@wcsr.com


**PULMAN, CAPPUCCIO**
**PULLEN, BENSON & JONES, LLP**
Eric A. Pullen
Texas State Bar No. 24007881
epullen@pulmanlaw.com
Leslie Sara Hyman
Texas State Bar No. 00798274
lhyman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR DEFENDANT**
**GENERATION FEDERAL CREDIT UNION**

4

# CERTIFICATE OF SERVICE

I certify that on the 8th day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participants:

F. Hill Allen
Tharrington Smith, LLP
P.O. Box 1151
Raleigh, NC 27602-1151
hallen@tharringtonsmith.com

Darren T. Kaplan
Chitwood Harley Harnes LLP
1350 Broadway, Suite 908
New York, NY 10018
dkaplan@chitwoodlaw.com

Hassan A. Zavareei
Jeffrey D. Kaliel
Tycko & Zavareei LLP
2000 L Street, N.W., Suite 808
Washington, DC 20036
hzavareei@tzlegal.com
jkaliel@tzlegal.com

Jeffrey M. Ostrow
Kopelowitz Ostrow P.A.
200 S.W. 1st Avenue, Suite 1200
Fort Lauderdale, FL 33301
ostrow@KOlawyers.com

Norman E. Siegel
Steve Six
J. Austin Moore
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Carl N. Patterson, Jr.
Clifton Lennis Brinson
Isaac Augustin Linnartz
Smith, Anderson, Blount, Dorsett,
 Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
cpatterson@smithlaw.com
cbrinson@smithlaw.com
ilinnartz@smithlaw.com

Mary Kathryn Mandeville
Alexander Ricks PLLC
2901 Coltsgate Road, Suite 202
Charlotte, NC 28211
mary@alexanderricks.com

Lucia Nale
Debra Bogo-Ernst
Matthew C. Sostrin
Mayer Brown, LLP
71 S. Wacker Dr.
Chicago, IL 60606
dernst@mayerbrown.com
lnale@mayerbrown.com
msostrin@mayerbrown.com

Michael P. Carey
Ann W. Ferebee
Bryan Cave, LLP
1201 W. Peachtree St., N.W.
Suite 1400A
Atlanta, GA 30309
michael.carey@bryancave.com
Ann.Ferebee@bryancave.com

Mark Vasco
Bryan Cave, LLP
One Wells Fargo Center
302 S. College Street, Suite 3400
Charlotte, NC 28202
mark.vasco@bryancave.com

Kevin S. Ranlett
Mayer Brown, LLP
1999 K. Street, N.W.
Washington, D.C. 20006-1101
kranlett@mayerbrown.com

Eric Rieder
Bryan Cave, LLP
1290 Avenue of the Americas
New York, New York 10104
erieder@bryancave.com

/s/ Jonathan R. Reich
Jonathan R. Reich
N.C. State Bar #41546
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-731-3660
E-mail: jreich@wcsr.com