IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1:13-CV-897-CCE-LPA

| | |
|---|---|
| JAMES DILLON, on Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>BMO HARRIS BANK, N.A., FOUR OAKS BANK & TRUST, a North Carolina-Chartered Bank, GENERATIONS FEDERAL CREDIT UNION, and BAY CITIES BANK, a Florida State-Chartered Bank,<br><br>    Defendants. | **GENERATIONS COMMUNITY FEDERAL CREDIT UNION'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR SANCTIONS** |

    Defendant Generations Community Federal Credit Union, incorrectly sued as Generations Federal Credit Union ("Generations"), files this Reply to Plaintiff's Response to Generations' Motion for Sanctions, respectfully showing the Court the following:

## I. Preliminary Statement

    In his Response to Generations' Motion for Sanctions, Plaintiff's counsel admits that he was in possession of the Western Sky Loan Agreement at issue prior to objecting to its authenticity. Despite a litany of attempts, Plaintiff's counsel cannot find a justifiable excuse for his conduct, and any attempt by Plaintiff or his counsel to rely on the merits of this case or any other case is improper.

Contrary to Plaintiff's contention in his Response, this is not a situation wherein Generations seeks sanctions based on the filing of one pleading by Plaintiff. Instead, Generations seeks sanctions for the nearly *two-year* delay in this case while it litigated Plaintiff's challenge to the authenticity of the very Loan Agreement Mr. Dillon now concedes was authentic.

Counsel for Plaintiff did not act with any sense of candor to this Court or the Fourth Circuit. Plaintiff's counsel cannot escape the fact that it repeatedly challenged the authenticity of the Loan Agreement printed by Plaintiff – according to his sworn deposition testimony – the very day he obtained his Western Sky loan. Generations' original Motion to Dismiss was denied on the ground that Plaintiff disputed the authenticity of the Loan Agreement attached to Generations' motion and Generations had not responded with evidence of authenticity.[1]

Had Plaintiff's counsel acknowledged in the fall of 2013 that the Loan Agreement was authentic, the Court could have ruled on the merits of Generations' original motion based on the original briefing submitted to the Court. As to Generations, therefore, the renewed motion to dismiss, the Fourth Circuit appeal, and the current motion to dismiss were all unnecessary.

---

[1] The Court found that Plaintiff had in fact "dispute[d] the authenticity" of the agreement attached to Generations' motion and had "not admitted that the proffered documents are in fact the loan agreements at issue." March 10, 2014 Memorandum Opinion and Order [Docket No. 100].

## II. Statement of Facts

Generations incorporates as if fully set forth verbatim the Statement of Facts contained in its Brief in Support of Motion for Sanctions (Docket No. 189)

## III. Argument and Authorities

### A. Plaintiff's Merit Based Arguments are Improper.

A court considering a motion brought under § 1927 is to "focus 'on the conduct of the litigation ***and not on its merits***.'" *Salvin v. Am. Nat. Ins. Co.*, 281 Fed. Appx. 222, 225 (4th Cir. 2008) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)) (emphasis added).

In Response to Generations' Motion, Plaintiff submitted as evidence the Declaration of J. Austin Moore. Therein, Moore outlines in nine (9) paragraphs merits based arguments concerning Western Sky Financial and Delbert Services Corp. *See* The Declaration of J. Austin Moore in Opposition to Generations Federal Credit Unions Motion for Sanctions at ¶¶ 10-18 (Docket No. 203). All of these merit based arguments are improper (not to mention they provide no justifiable excuse for counsel's conduct) and should be rejected by the Court.

### B. Counsel Admits He Was in Possession of Loan Agreement for Two Years.

In his Declaration, Moore admits that he has been in possession of the Western Sky Loan Agreement since October 1, 2013, and that it was not produced until October 12, 2015. Counsel does not offer any explanation as to why he concealed this document for two years, while at the same time continuing to allege it had not been authenticated.

3

Moreover, when it was finally produced on October 12, 2015, it was redacted to conceal the fact that counsel received a copy of the Loan Agreement [PLTF00000001-6] from Dillon on October 1, 2013. *See* Exhibit A attached hereto. There is no legitimate reason for the redaction and it is now clear that counsel was attempting to conceal when it received the Loan Agreement. It was not until the *Defendants* requested an inspection of Plaintiff's laptop computer that Generations learned that the Loan Agreement was provided to Plaintiff's counsel on October 1, 2013.

Nothing in the Moore Declaration supports the denial of Generations' Motion. At Plaintiff's deposition, when presented with a copy of the Loan Agreement, Mr. Dillon responded that he did have a copy because he "printed it out on the Internet when [he] took out the loan." *Id.* at 91:2-6; *see also id.* at 91:7-9 (confirming that Plaintiff printed a copy of the Loan Agreement at the time he took out the loan). Therefore, counsel for Plaintiff has no legal basis to object to the authenticity of the Loan Agreement. Simply put, the authenticity objection was groundless. *See, e.g., Fenje v. Feld,* 301 F. Supp. 2d 781 (N.D. Ill. 2003) (holding that an attorney fails to act in good faith in objection to a document known to be authentic even if the opposing party has failed to properly authenticate the document). Counsel should be sanctioned under §1927 for his conduct.

**C. Generations Does Not Seek Sanctions Based on the Filing of a Single Pleading.**

In an attempt to downplay their vexatious conduct, Plaintiff also argues that Generations seeks sanctions based on the filing of a single pleading. The record herein

4

and the evidence attached to Generations' Motion for Sanctions highlights the frivolity of this argument.

### D. Counsel Violated His Duty of Candor to the Tribunal and Fairness to Opposing Party and Counsel.

Neither Plaintiff's Response in Opposition nor the Moore Declaration provide any explanation for counsel's failure to inform this Court or Generations that he was in possession of the Loan Agreement at issue or that his client printed it the day he received the Western Sky Loan. Moreover, the internet research performed by attorney Moore in February 2016 cannot excuse his conduct from October 2013 through November 2015. *See* the Moore Declaration at ¶¶10-12

Counsel objected to the authenticity of the Loan Agreement yet failed to inform Generations or this Court that it was in possession of the very document to which counsel objected. Counsel had a litany of subsequent opportunities to disclose he was in possession of the Loan Agreement, but failed to do so. This conduct is unreasonable and vexatious. *See In re Interstate Steel Setters, Inc.,* 65 B.R. 312, 313 (N.D. Ill. 1986) (holding that "failure of one's opponent to use an efficient pretrial device does not justify playing the type of game played by [the attorney] here."); *Baulch v. Johns,* 70 F.3d 813, 817 (5th Cir. 1995) (holding that the attorney had "displayed, at the very least, a reckless disregard of his duties as an officer of this [c]ourt by arguing that the Autopsy Report was not properly authenticated").

The conduct of Plaintiff's counsel shows a reckless disregard of their duties as officers of this Court. *U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 457-58 (4th Cir. 1993)

5

("The system can provide no harbor for clever devices to divert the search, mislead opposing counsel or the court, or cover up that which is necessary for justice in the end. It is without note, therefore, that we recognize that the lawyer's duties to maintain the confidences of a client and advocate vigorously are trumped ultimately by a duty to guard against the corruption that justice will be dispensed on an act of deceit."); *In re Liotti*, 667 F.3d 419, 429 (4th Cir. 2011) (recognizing that the adversary system depends on a zealous safeguarding of truth and candor and that, "[m]isrepresentations of fact by an officer of the court will, if ignored, cast a menacing shadow on a judicial system that is designed to illuminate truth and promote fairness). Plaintiff's counsel argued over and over again that the Loan Agreement was not properly authenticated when, at the very least, (1) Plaintiff had a copy in his possession, (2) Plaintiff's counsel therefore had no reason to doubt the accuracy of the Loan Agreement, and (3) Plaintiff's counsel relied upon the terms of the Loan Agreement in suing Generations.

Had counsel acted with a minimum amount of candor and acknowledged the authenticity of the Loan Agreement, the Court could have ruled on the merits of Generations' original motion to dismiss in March 2014. Unfortunately, as a direct result of counsel's actions, the Court and Generations wasted almost two years of time that was expended on this case by the Court and counsel for Generations

## IV. Conclusion

Section 1927 is intended to prevent the very sort of gamesmanship displayed by counsel for Plaintiff here. Generations therefore requests that the Court impose an award

6

of sanctions against Plaintiff's counsel in an amount sufficient to deter their vexatious conduct. Generations further requests that pursuant to its inherent power, the Court sanction Plaintiff and his counsel by striking any arguments raised by Plaintiff in opposition to Generations' current motion to dismiss that were not raised in opposition to Generations' original motion to dismiss as Plaintiff's ability to raise these new arguments was occasioned solely by their misleading statements and conduct.

WHEREFORE, Defendant Generations respectfully requests that the Court enter an Order requiring Plaintiff's counsel to reimburse Generations for the unnecessary fees it incurred and striking from Plaintiff's response to Generations' motion to dismiss any arguments that Plaintiff did not raise in response to Generations' original motion to dismiss.

Respectfully submitted this the 22nd day of February, 2016.

/s/ Jonathan R. Reich
Reid C. Adams, Jr., NCSB #9669
Jonathan R. Reich, NCSB #41546
WOMBLE CARLYLE
SANDRIDGE & RICE, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
E-Mail: cadams@wcsr.com
E-Mail: jreich@wcsr.com

**PULMAN, CAPPUCCIO
PULLEN, BENSON & JONES, LLP**
Eric A. Pullen
Texas State Bar No. 24007881
epullen@pulmanlaw.com
Leslie Sara Hyman
Texas State Bar No. 00798274
lhyman@pulmanlaw.com
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
www.pulmanlaw.com
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

**ATTORNEYS FOR DEFENDANT
GENERATION FEDERAL CREDIT UNION**

8

**CERTIFICATE OF SERVICE**

I certify that on the 22nd day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the following CM/ECF participants:

F. Hill Allen
Tharrington Smith, LLP
P.O. Box 1151
Raleigh, NC 27602-1151
hallen@tharringtonsmith.com

Hassan A. Zavareei
Jeffrey D. Kaliel
Tycko & Zavareei LLP
2000 L Street, N.W., Suite 808
Washington, DC 20036
hzavareei@tzlegal.com
jkaliel@tzlegal.com

Norman E. Siegel
Steve Six
J. Austin Moore
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
siegel@stuevesiegel.com
six@stuevesiegel.com
moore@stuevesiegel.com

Darren T. Kaplan
Chitwood Harley Harnes LLP
1350 Broadway, Suite 908
New York, NY 10018
dkaplan@chitwoodlaw.com

Jeffrey M. Ostrow
Kopelowitz Ostrow P.A.
200 S.W. 1st Avenue, Suite 1200
Fort Lauderdale, FL 33301
ostrow@KOlawyers.com

Carl N. Patterson, Jr.
Clifton Lennis Brinson
Isaac Augustin Linnartz
Smith, Anderson, Blount, Dorsett,
  Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
cpatterson@smithlaw.com
cbrinson@smithlaw.com
ilinnartz@smithlaw.com

Mary Kathryn Mandeville
Alexander Ricks PLLC
2901 Coltsgate Road, Suite 202
Charlotte, NC 28211
mary@alexanderricks.com

Lucia Nale
Debra Bogo-Ernst
Matthew C. Sostrin
Mayer Brown, LLP
71 S. Wacker Dr.
Chicago, IL 60606
dernst@mayerbrown.com
lnale@mayerbrown.com
msostrin@mayerbrown.com

Michael P. Carey
Ann W. Ferebee
Bryan Cave, LLP
1201 W. Peachtree St., N.W.
Suite 1400A
Atlanta, GA 30309
michael.carey@bryancave.com
Ann.Ferebee@bryancave.com

Mark Vasco
Bryan Cave, LLP
One Wells Fargo Center
302 S. College Street, Suite 3400
Charlotte, NC 28202
mark.vasco@bryancave.com

Kevin S. Ranlett
Mayer Brown, LLP
1999 K. Street, N.W.
Washington, D.C. 20006-1101
kranlett@mayerbrown.com

Eric Rieder
Bryan Cave, LLP
1290 Avenue of the Americas
New York, New York 10104
erieder@bryancave.com

/s/ Jonathan R. Reich
Jonathan R. Reich
N.C. State Bar #41546
Womble Carlyle Sandridge & Rice, LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: 336-721-3600
Facsimile: 336-731-3660
E-mail: jreich@wcsr.com