IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:13-CV-897

JAMES DILLON,

    Plaintiff,

v.

BMO HARRIS BANK, N.A.; FOUR OAKS BANK & TRUST; GENERATIONS FEDERAL CREDIT UNION; and BAY CITIES BANK,

    Defendants.

ORDER ENTERING FINAL JUDGMENT ON PLAINTIFF'S CLAIMS AGAINST DEFENDANT GENERATIONS COMMUNITY FEDERAL CREDIT UNION AND DOCKET NOS. 264 AND 285 PURSUANT TO FED. R. CIV. P. 54(b)

On March 24, 2017, Plaintiff James Dillon and Defendant Generations Community Federal Credit Union filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) and the settlement reached between them.[1] The settlement and dismissal with prejudice represent an ultimate and final disposition of Plaintiff's claims against Generations in this action.

On September 30, 2016, the Court found that Plaintiff's former counsel Steve Six, Darren T. Kaplan, J. Austin Moore and their respective law firms Stueve Siegel Hanson LLP and Darren Kaplan Law Firm, P.C. (collectively the "Sanctioned Parties") had

---

[1] The settlement included prospective Plaintiff India Banks and released all claims she could have asserted against Generations relating to this action.

engaged in sanctionable conduct and on February 10, 2017, the Court ordered a monetary sanction against the Sanctioned Parties and directed payment no later than March 17, 2017. *See* Docs. 264 and 285. The Sanctioned Parties paid the designated sanctions and filed certifications of compliance. *See* Docs. 286-288. Thus, the sanctions issue has been fully and finally resolved. The Court hereby finds entry of a final judgment on Plaintiff's claims against Generations and on the Court's orders against the Sanctioned Parties is appropriate under Fed. R. Civ. P. 54(b).

First, there is a final resolution of the claims between Plaintiff and Generations. The parties' dismissal of all claims with prejudice pursuant to Fed. R. Civ. P. 41(a)(1) is an "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).

Second, there is no just reason for delay of this judgment. In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *See Braswell*, 2 F.3d at 1335-36.

The Court finds that the factors relevant to this case support entry of final judgment. Plaintiff's claims against Generations have been dismissed with prejudice and the sanctions orders relating to Plaintiff's former counsel are fully and finally resolved; therefore, there are no unadjudicated claims between Plaintiff and Generations or between Generations and the Sanctioned Parties and no presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final.

Because the sanctions orders involved only these parties and events that already occurred and the Sanctioned Parties have withdrawn from their representation in the case, there is no possibility that the need for review might be mooted by future developments in the district court or that this Court will be obliged to consider the same issue a second time. Finally, delaying entry of judgment will cause prejudice to the Sanctioned Parties and Generations who wish to exercise their right of appellate review at the earliest practicable time in order to achieve final resolution of this issue.

For these reasons and based on these factual findings, the Court enters final judgment on Plaintiff's claims against Generations and on the Court's orders against the Sanctioned Parties, Docs. 264 and 285, pursuant to Fed. R. Civ. P. 54(b).

**IT IS SO ORDERED**, this the 28th day of March, 2017.

UNITED STATES DISTRICT JUDGE